■ In the Matter of GEORGE SICKLER et al., Appellants, v THOMAS W. ROACH, JR., as Commissioner of the Ulster County Department of Social Services, Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Ulster County (Traficanti, Jr., J.), entered April 27, 1990, which dismissed petitioners' application, in a proceeding pursuant to Family Court Act article 6, for, inter alia, custody of their grandchild.

A minor was placed with respondent for adoption after his natural parents' parental rights were terminated upon a finding that his father abandoned him and a surrender by his mother. The minor was placed in foster care pending completion of adoption proceedings. Petitioners meanwhile sought custody or visitation as the minor's maternal grandparents. Respondent moved to dismiss and petitioners cross-moved for permission to file an amended petition. Family Court granted respondent's motion to dismiss, finding that petitioners had failed to allege that they would be suitable adoptive parents and provide a better adoptive home than that planned by respondent. Petitioners appeal.

In Matter of Peter L. (59 NY2d 513, 520), the Court of Appeals made clear that a grandparent has no statutorily based precedence over adoptive parents selected by an agency which has received the natural parents' authority to consent to an adoption. Indeed, any nonparent relatives confront "a virtually impossible task" of showing that they would make suitable adoptive parents and that they would provide a better adoptive home than that chosen by the agency (supra, at 520). In this case, petitioners initially sought custody and only later

mentioned their intention to adopt. They never made sufficient allegations that they would provide a better adoptive home; to be sure, their submissions provide no details concerning their plans for caring for the infant. In the absence of sufficient pleadings, the petition was properly dismissed. Likewise, the cross motion to amend the petition did not sufficiently fill in the missing allegations and so was properly denied.

We further find no merit to petitioners' constitutional claim of a greater right to the minor than a nonrelative. Although the Court of Appeals specifically did not address this issue in *Matter of Peter L. (supra,* at 519), it is well settled that parents have superior rights than grandparents to their children *(see, e.g., Matter of Abaire v Himmelberger,* 163 AD2d 626). If a parent's right to a child is transferred to an agency by a voluntary surrender, as here, it is difficult to see how an inferior right, such as that of a grandparent, can supersede the parent's choice *(see, Matter of Peter L., supra,* at 520). Since grandparents' rights with respect to their grandchildren receive some statutory protection *(see, supra; see also,* Domestic Relations Law §§ 72, 240), we do not find any constitutional deprivation by Family Court's dismissal of the petition and denial of the cross motion. We note that petitioners specifically were offered an opportunity by Family Court to seek visitation at an appropriate time.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.