■ GRAUBARD MOLLEN DANNETT HOROWITZ SHAPIRO AND POMERANZ, Respondent, v MADISON INVESTMENTS, INC., Appellant, and LANA REALTY COMPANY, Respondent.—Resettled order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about May 23, 1990, which, *inter alia* granted plaintiff's motion for summary judgment pursuant to CPLR 3212, authorizing it to release an escrow fund of $65,000 plus accrued interest to defendant Lana Realty Company ("Lana Realty"), unanimously affirmed, with costs.

The plaintiff law firm commenced the underlying interpleader action pursuant to CPLR 1006 as a stakeholder and escrowee of $65,000, placed in an interest-bearing escrow account pursuant to the terms of a contract of sale by which defendant Lana Realty agreed to sell and defendant Madison agreed to purchase certain real property located in Cohoes, New York.

Upon examination of the record, we find, as did the IAS Court, that defendant Lana Realty was entitled to the $65,000 escrow fund, representing defendant Madison's contract downpayment, as liquidated damages by reason of defendant Madison's default in failing to appear and close title on December 16, 1987, in accordance with the December 3, 1987 letter, which clearly and unequivocally notified defendant Madison that defendant Lana Realty was ready, willing and able to convey and deliver marketable title, and that time was of the essence. *(Sohayegh v Oberlander,* 155 AD2d 436, 440.)

We have considered defendant Madison's contentions that

title was not properly held by defendant Lana Realty, and that defendant Madison's failure to timely close did not constitute a default under the contract of sale, and find them to be without merit. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.