■ In the Matter of CATHERINE JJ., Appellant, v CHARLOTTE II. et al., Respondents. (And Another Related Proceeding.) [628 NYS2d 826] —Mikoll, J. P. Appeals from two orders of the Family Court of Franklin County (Main, Jr., J.), entered April 25, 1994, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 6, for custody and visitation of two children.

Petitioner is the maternal biological grandmother of two infant children, Amanda II. and Brandy D. Both children's parents have surrendered their parental rights to the children. Petitioner's parental rights to her biological daughter Charlotte II. were terminated on July 22, 1981 (*Matter of Charlotte II.*, 98 AD2d 859). Family Court dismissed the petitions as a matter of law, finding that petitioner had no basis in law to either custody or visitation with the children in that her relationship to them was abrogated when she lost her own parental rights to her own child, the children's mother.

There should be an affirmance. When petitioner's parental rights to her own daughter were severed, any familial connection to her daughter or the daughter's progeny was also severed. To hold otherwise would contravene the public policy expressed in Social Services Law § 384-b. The Court of Appeals has made clear that grandparents have no statutorily based rights over adoptive parents where natural parents have consented to an adoption (*see, Matter of Peter L.*, 59 NY2d 513, 520).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.