■ In the Matter of GENORIA SS., Appellant, v CHRISTINA TT. et al., Respondents. [650 NYS2d 830] —Mikoll, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered March 7, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Olashia TT.

Petitioner filed a custody petition in Family Court on November 22, 1995 alleging that she was a cousin of some unspecified degree to Olashia TT. (born in 1993) and that "I think

she should be able to know her family and heritage. I am married and I can support and take care of her."

Respondent Christina TT., the child's mother, had executed a judicial surrender on April 12, 1995 in Family Court wherein she voluntarily forfeited all parental rights to the child and placed her in the care and guardianship of respondent Rensselaer County Commissioner of Social Services (hereinafter respondent) for adoption. Respondent moved for an order dismissing petitioner's custody petition based on the effect of the mother's judicial surrender of the child and the fact that thereafter respondent became the custodian of the child until such time as the child could be adopted. Respondent also alleged that a custody proceeding was improper since the child was freed for adoption. Petitioner opposed the motion and cross-moved for permission to institute a proceeding to adopt the child.

Family Court granted respondent's motion to dismiss the custody petition, finding that once the mother surrendered her child to respondent, adoption became the sole and exclusive means to gain care and custody of the child. Additionally, Family Court noted that court permission is not a prerequisite to institution of an adoption proceeding. Petitioner appeals.

The order of Family Court should be affirmed. This Court has recently held that severance of a mother's parental rights also severs any familial connection to the child and that "[t]o hold otherwise would contravene the public policy expressed in Social Services Law § 384-b" (*Matter of Catherine JJ. v Charlotte II.*, 216 AD2d 752, 753; *see, Matter of Peter L.*, 59 NY2d 513, 518-519). A trial court is without authority to entertain custody and/or visitation proceedings commenced by a member of the child's expanded family once the surrender by the mother has occurred. The court may then only address matters pertaining to the child's foster care or adoption (*see, Matter of Peter L., supra*, at 518-519).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.