■ In the Matter of Herbert PP., Appellant, v Chenango County Department of Social Services, Respondent. [751 NYS2d 96] —Rose, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered December 11, 2001, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of or visitation with his grandchildren.

Petitioner is the maternal grandfather of Joseph PP., born in 1991, and Roscoe QQ., born in 1993. According to respondent, the children came into its custody in January 1997, their father surrendered his parental rights in September 1999, and their mother's parental rights were terminated by court order pursuant to Social Services Law § 384-b, thereby freeing them for adoption in January 2000.* Thereafter, Joseph's foster parents took steps to adopt him. In March 2001, while the adoption was pending, petitioner filed a petition seeking sole custody of, or visitation with, the children, and later applied for a stay of any pending adoption. On May 16, 2001, following oral argument, Family Court denied petitioner's request for a stay and dismissed his petition with regard to Joseph. At the conclusion of a hearing on October 12, 2001, Family Court also dismissed the petition as to Roscoe. Petitioner now appeals, arguing that Family Court erred in denying a stay of Joseph's adoption and in dismissing his application for custody or visitation as to both children.

We affirm. "Members of the extended family of a child who has been surrendered to an authorized agency for the purpose of adoption have no special nonconstitutional right to custody of the child which permits them to override a decision by the

---

* The record does not contain the order placing the children in respondent's custody, the father's voluntary surrender or the order terminating the mother's parental rights.

agency to place the child for adoption with adoptive parents to be selected by the agency" (*Matter of Peter L.*, 59 NY2d 513, 516; *see Matter of Sickler v Roach*, 169 AD2d 874, 874-875). Since the parental rights of the biological parents here were terminated and the children's custody was transferred to respondent, petitioner's recourse was to seek adoption, and not custody (*see Matter of Peter L.*, *supra* at 518-519). At that point, "adoption became the sole and exclusive means to gain care and custody of the child[ren]" (*Matter of Genoria SS. v Christina TT.*, 233 AD2d 827, 828, *lv denied* 89 NY2d 811; *see* Social Services Law § 384-b [10]). Since petitioner never sought to adopt either Joseph or Roscoe, his custody petition offers no grounds to block Joseph's adoption or grant custody of Roscoe to petitioner. Thus, Family Court's denial of a stay and dismissal of the petition to the extent that it sought custody of the children were proper (*see Matter of Genoria SS. v Christina TT.*, *supra* at 828).

The remaining issue is whether Family Court erred in dismissing the petition to the extent that it sought visitation with Roscoe, a special needs child who resides at the Children's Home of the Wyoming Conference and is not the subject of an imminent adoption. Insofar as is relevant to this appeal, Domestic Relations Law § 72 permits a grandparent to apply for visitation with a grandchild "where circumstances show that conditions exist [in] which equity would see fit to intervene." Family Court must first determine whether equitable circumstances exist that afford the grandparent standing to seek visitation and, if so, whether visitation would be in the child's best interest (*see Matter of Ziarno v Ziarno*, 285 AD2d 793, 793-794, *lv denied* 97 NY2d 605).

A key factor on the issue of standing is the nature and extent of the existing grandparent-grandchild relationship (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182-183; *Matter of Luma v Kawalchuk*, 240 AD2d 896, 896). The evidence at the hearing held here established that before Roscoe was placed with respondent, he had resided only briefly in petitioner's household in 1994 and again in 1996. Their occasional visits thereafter were halted by Roscoe's mother, the daughter of petitioner, when her relationship with petitioner deteriorated and petitioner refused to take steps to improve it. Then, for an extended period of time after Roscoe's placement in 1997, petitioner did not visit, call, write or otherwise attempt to maintain a relationship with him despite an undisputed opportunity to do so. Thus, petitioner failed to show contacts with the child sufficient to confer standing to seek court-ordered

visitation. Moreover, even if petitioner were found to have standing, we are not persuaded that Family Court abused its discretion in concluding that such visitation would not serve the best interests of the child (*see Lo Presti v Lo Presti*, 40 NY2d 522, 526-527; *Matter of Richard YY. v Sue ZZ.*, 249 AD2d 885, 886).

Petitioner's remaining contentions have been considered and found to be unavailing.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.