■ In the Matter of BRENDA DD., a Child Alleged to be Permanently Neglected. ALBANY COUNTY DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, Respondent; THOMAS EE., Appellant. [761 NYS2d 350] —Lahtinen, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered April 29, 2002, which granted petitioner's motion to vacate a prior order of custody.

By order entered in July 1997, respondent received custody of his granddaughter, Brenda DD. (born February 1995), with

---

* He is currently taken Paxil and Ziprexa, medications for anxiety and depression.

the child's mother retaining visitation rights. An emergency removal of the child from respondent's custody occurred in November 2000 following revelations that she had been sexually abused by respondent and that she had witnessed respondent sexually abusing her nine-year-old half sister. Brenda was placed in foster care and petitioner immediately filed a child abuse petition against respondent. In June 2001, respondent was convicted of the crimes of sexual abuse in the first degree and endangering the welfare of a child based upon his conduct with Brenda's half sister. He was sentenced to 3 to 7 years in prison. Petitioner then moved for summary judgment on its abuse petition, which was granted in November 2001. Custody of the child, which had been placed with petitioner since November 2000, was continued with that agency. Family Court further issued a protective order at such time precluding respondent from having any contact with Brenda prior to her 18th birthday in February 2013.

In January 2002, Brenda's biological mother judicially surrendered the child to petitioner and, shortly thereafter, the biological father also executed a judicial surrender. Petitioner's permanency goal was to have the child adopted. The foster parents with whom the child has resided since December 2000 ostensibly expressed an interest in adopting the child. In March 2002, petitioner filed, inter alia, an application, via order to show cause, to vacate the July 1997 order that had placed the child in respondent's custody. The only opposition to the relief was an attorney's affirmation that challenged the procedure but did not contest the factual allegations. The Law Guardian supported the position urged by petitioner. Family Court determined that the orders removing Brenda from respondent's home and placing custody with petitioner had effectively vacated the July 1997 order. The court further noted that, in light of the order of protection in effect until February 2013, respondent could not provide a custodial home or guardianship of the child. Moreover, since the mother and father had surrendered their parental rights, the court held that it was in the best interests of the child to remove any barriers hindering her placement into a secure and permanent home for adoption. Petitioner's application was thus granted without a hearing. Respondent appeals.

Respondent is not the parent of this child. The custodial rights he seeks to assert emanated from a 1997 order of Family Court that was made pursuant to Family Ct Act article 6 which, as Family Court correctly determined, was effectively vacated. The child has not lived with respondent since she was

removed from his custody on an emergency basis in November 2000. Family Court placed custody of the child with petitioner and she has resided in foster care since November 2000. Notably, there is no evidence in the record indicating that respondent has appealed any of the prior orders of Family Court. Moreover, the child's birth parents have both executed judicial surrenders and an adoption plan is being pursued by petitioner for the child. Based upon the uncontested facts, the prior orders of Family Court, and the totality of the circumstances implicated herein, we find no error in Family Court's determination.

Where, as here, the birth parents' rights have been terminated and the child is in the custody of an authorized agency for adoption, extended family members, such as respondent, "have no special nonconstitutional right to custody of the child which permits them to override a decision by the agency to place the child for adoption with adoptive parents to be selected by the agency" (*Matter of Peter L.,* 59 NY2d 513, 516 [1983]; *see Matter of Herbert PP. v Chenango County Dept. of Social Servs.,* 299 AD2d 780, 780-781 [2002]; *Matter of Sickler v Roach,* 169 AD2d 874, 874-875 [1991]). Clearly, the facts of this case compel the conclusion that respondent should not be permitted to create any obstacles to the adoption of this child and it is in her best interests for the adoption to proceed without further delay.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.