■ In the Matter of SHIRLEY E., Appellant, v DAVID E. et al., Respondents. [879 NYS2d 640]—

Mercure, J.P. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered June 4, 2008, which

---

* Amber has appealed from the order terminating her parental rights.

dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of petitioner's grandchild.

In March 2008, respondent Chenango County Department of Social Services filed a petition seeking to terminate the parental rights of the subject child's parents based upon permanent neglect. The child, born in 2005, has evidently been in foster care since November 2006. Petitioner, the child's paternal grandmother, commenced this proceeding seeking custody just prior to the filing of the termination of parental rights petition. Following a fact-finding hearing, Family Court dismissed petitioner's application for custody based upon its finding that her household was unhealthy and potentially dangerous. Petitioner now appeals.

Subsequent to Family Court's decision, both parents surrendered their parental rights, on the condition that the child be adopted by her foster parents. While "[g]randparents are not without . . . rights with respect to their grandchildren, . . . those rights do not entitle a grandparent to override the right of the natural parent to surrender the child to a public agency and to confer on it the right to consent to the adoption of the child" (*Matter of Peter L.*, 59 NY2d 513, 520 [1983]). Moreover, grandparents and other "[m]embers of the extended family of a child who has been surrendered to an authorized agency for the purpose of adoption have no special . . . right to custody of the child [permitting] them to override a decision by the agency to place the child for adoption with adoptive parents to be selected by the agency" (*id.* at 516; *see Matter of Sickler v Roach*, 169 AD2d 874, 874-875 [1991]). Thus, once the parents have voluntarily surrendered the child, "adoption [is] the sole and exclusive means to gain care and custody of the child"; courts are "without authority to entertain custody . . . proceedings commenced by a member of the child's [extended] family" (*Matter of Genoria SS. v Christina TT.*, 233 AD2d 827, 828 [1996], *lv denied* 89 NY2d 811 [1997]; *see Matter of Linda S. v Krishnia S.*, 50 AD3d 805, 806 [2008]; *Matter of Herbert PP. v Chenango County Dept. of Social Servs.*, 299 AD2d 780, 780-781 [2002]). Here, petitioner sought only custody of the child; she has not sought adoption. Accordingly, inasmuch as the parents have surrendered their parental rights to the child, this appeal from the denial of petitioner's application for custody has become moot (*see Matter of Mu'Min v Mitchell*, 19 AD3d 1116, 1117 [2005]).

Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.