In the Matter of THERESA BB., Appellant, v RYAN DD., Respondent, and ST. REGIS MOHAWK TRIBE DEPARTMENT OF SOCIAL SERVICES, Respondent. [882 NYS2d 580]—

Mercure, J.P. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered June 12, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of her grandchildren.

In January 2007, the subject Native American children were removed from their mother's care after a neglect petition was filed against her. Upon a finding of neglect, the children were placed with respondent St. Regis Mohawk Tribe Department of Social Services (hereinafter DSS).* DSS, in turn, placed the children in the care of foster parents.

---

* DSS notes that petitioner incorrectly named the St. Regis Mohawk Tribal Council rather than DSS as a party respondent in the notice of appeal. Given the absence of any prejudice to DSS resulting from this clerical defect, we will

*(n. cont'd)*

The mother died in November 2007 and petitioner, the children's maternal grandmother, thereafter commenced this custody proceeding. The father, respondent Ryan DD., subsequently surrendered his parental rights on the condition that the children be adopted by their foster parents. Immediately following that conditional surrender, Family Court dismissed the instant proceeding without a hearing, and petitioner now appeals.

We affirm. Petitioner has no special right to custody of her grandchildren that would allow her "to override the right of the natural parent to surrender the child to a public agency and to confer on it the right to consent to the adoption of the child" (*Matter of Peter L.*, 59 NY2d 513, 520 [1983]; *see Matter of Sickler v Roach*, 169 AD2d 874, 874-875 [1991]). Nor is petitioner entitled "to override a decision by [DSS] to place the child[ren] for adoption with adoptive parents to be selected by the agency" (*Matter of Peter L.*, 59 NY2d at 516). Accordingly, once the father surrendered his parental rights to DSS for the purposes of adoption, Family Court was deprived of authority to entertain this custody proceeding and appropriately dismissed it (*see Matter of Gerald BB.*, 51 AD3d 1081, 1086 [2008], *lv denied* 11 NY3d 703 [2008]; *Matter of Linda S. v Krishnia S.*, 50 AD3d 805, 806 [2008]; *Matter of Genoria SS. v Christina TT.*, 233 AD2d 827, 828 [1996], *lv denied* 89 NY2d 811 [1997]). Should petitioner still seek custody of the children, her sole remedy is to seek adoption (*see Matter of Herbert PP. v Chenango County Dept. of Social Servs.*, 299 AD2d 780, 781 [2002]).

Petitioner's remaining argument that Family Court erred in not complying with the Indian Child Welfare Act (*see* 25 USC § 1901 *et seq.*) is unpreserved for our review (*see McCleary v City of Glens Falls*, 32 AD3d 605, 607 [2006]; *Matter of Joseph ZZ.*, 245 AD2d 881, 884 [1997], *lv denied* 91 NY2d 810 [1998]).

Rose, Kane, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

disregard it and treat the notice of appeal as containing the correct caption (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Broughton v Dona*, 63 AD2d 1101, 1101 [1978], *appeals dismissed* 46 NY2d 1013, 1074 [1979], *lv denied* 47 NY2d 709 [1979]).