■ MAHON, MAHON, KERINS & O'BRIEN, LLC, Plaintiff, v DAVID MOSKOFF, Appellant, and MALEN & ASSOCIATES, P.C., et al., Respondents. [924 NYS2d 815]—

---

In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant David Moskoff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 26, 2009, which, inter alia, granted the separate motions of the defendant Richard A. Klass, as attorney for judgment creditor American Express Travel Related Services Company, Inc., and the defendant Malen & Associates, P.C., as attorney for judgment creditors Helen Gurman and Helen Gurman Trust, for summary judgment directing the Nassau County Treasurer to release to them a portion of the funds being held in escrow for disbursement to the defendant David Moskoff prior to disbursement.

Ordered that the order is affirmed, with costs.

The defendants Richard A. Klass, as attorney for judgment creditor American Express Travel Related Services Company, Inc., and Malen & Associates, P.C., as attorneys for judgment creditor Helen Gurman and Helen Gurman Trust (hereinafter M&A), established, prima facie, that the defendant David Moskoff owed money to their clients. Moskoff failed to raise a triable issue of fact in opposition to either Klass's or M&A's motion for summary judgment on this issue. Accordingly, the

Supreme Court properly granted the separate motions of Klass and M&A for summary judgment directing the Nassau County Treasurer to release to them a portion of the funds being held in escrow for disbursement to Moskoff prior to disbursement (*see Graubard Mollen Dannett Horowitz Shapiro & Pomeranz v Madison Invs.*, 173 AD2d 386 [1991]).

Contrary to Moskoff's contention, any errors made by Klass and M&A regarding certain references to nonparties in their respective answers and summary judgment motions did not prejudice Moskoff, and were properly disregarded by the Supreme Court (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Matter of Theresa BB. v Ryan DD.*, 64 AD3d 977, 977 n [2009]). Moreover, under the circumstances of this case, we disagree with Moskoff's contention that the expiration of certain restraining notices rendered the underlying interpleader complaint academic.

Moskoff's remaining contentions are either waived or unpreserved for appellate review. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.