Matter of Melissa KK. v Michael LL (2019 NY Slip Op 01690)





Matter of Melissa KK. v Michael LL


2019 NY Slip Op 01690


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

525934

[*1]In the Matter of MELISSA KK., Appellant,
v
MICHAEL LL. et al., Respondents, and CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (And Another Related Proceeding.)

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Thomas H. Webb III, Clinton County Department of Social Services, Plattsburgh, for Clinton County Department of Social Services, respondent.
Cheryl Maxwell, Plattsburgh, attorney for the children.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 25, 2017, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for custody of the subject children.
Petitioner (hereinafter the grandmother) commenced these proceedings in April 2017 to obtain custody of the subject children, two of her grandchildren who were in foster care due to ongoing neglect proceedings. Between the filing of her first and second custody petitions, the parents of the children surrendered their parental rights and freed the children for adoption. The parties then appeared for, as is relevant here, a fact-finding hearing on the custody petitions. Respondent Clinton County Department of Social Services moved to dismiss the petitions at the close of the grandmother's proof, arguing that she had not produced sufficient evidence to support an award of custody and that, in any event, the surrenders of parental rights left adoption as her only viable remedy. Family Court granted the motion, prompting this appeal.
We affirm. "[O]nce the parents have voluntarily surrendered the child, 'adoption [is] the sole and exclusive means to gain care and custody of the child'; courts are 'without authority to entertain custody . . . proceedings commenced by a member of the child's [extended] family'" (Matter of Shirley E. v David E., 63 AD3d 1231, 1232 [2009], quoting Matter of Genoria SS. v Christina TT., 233 AD2d 827, 828 [1996], lv denied 89 NY2d 811 [1997]; see Matter of Peter L., [*2]59 NY2d 513, 518-519 [1983]). Thus, regardless of the quality of the grandmother's proof, when the parents "surrendered [their] parental rights to [the Department] for the purposes of adoption, Family Court was deprived of authority to entertain [the grandmother's custody petitions] and appropriately dismissed" them (Matter of Theresa BB. v Ryan DD., 64 AD3d 977, 978 [2009], lv denied 13 NY3d 707 [2009]; Matter of Linda S. v Krishnia S., 50 AD3d 805, 806 [2008]; see also Matter of Shirley E. v David E., 63 AD3d at 1232).
Finally, inasmuch as the grandmother's notice of appeal is limited to the order dismissing her custody petitions, her contentions regarding the related child protective proceedings are not properly before us (see CPLR 5515 [1]; Matter of Demetria FF. [Tracy GG.], 140 AD3d 1388, 1390-1391 [2016]).
Egan Jr., J.P., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.