■ AETNA CASUALTY & SURETY COMPANY, as Subrogee of JOHN P. BIGOTTE, Appellant, v KINNEY SYSTEM, INC., Respondent.—Order, Appellate Term, entered June 27, 1990, which affirmed a judgment of the Civil Court, New York County (Alvin F. Klein, J.H.O.), entered April 19, 1989, dismissing the complaint after a nonjury trial, unanimously affirmed, without costs.

Based on the uncontradicted evidence presented, the finders of fact could properly conclude that plaintiff had failed to establish defendant's negligence. Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.

■ In the Matter of AISHA LATISHA J., a Child Alleged to be Neglected. NORMAN H., Appellant; GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent.—Order of disposition, Family Court, New York County (Sheldon M. Rand, J.), entered November 7, 1990, which after a fact-finding that respondent had permanently neglected the subject child, terminated respondent's parental rights, unanimously affirmed, without costs.

The subject child was born May 10, 1988 with a positive toxicology for cocaine. Upon release from the hospital, the child was placed in foster care on June 8, 1988, where she remains. In the course of these proceedings, parental rights of the natural mother were terminated on the grounds of abandonment. As to the father, the agency provided sufficient evidence at the fact-finding hearing that it had exerted diligent efforts to encourage the parental relationship and to assist respondent in planning for return of his daughter by providing services and assistance with his many problems, which include alcohol abuse. Despite the agency's effort to arrange regular visitation, and to counsel respondent, together with urging him to enroll in alcohol rehabilitation programs and parenting skills courses and providing assistance with housing and financial problems, respondent was uncooperative and indifferent, thus obviating the agency's efforts (Social Services Law § 384-b [7] [a]; see, Matter of Sheila G., 61 NY2d 368, 384-385). Respondent's sporadic visits reflected a failure to maintain contact with his child and alone would constitute an independent basis for a finding of permanent neglect (Matter of Orlando F., 40 NY2d 103, 109-110). Finally, the court appropriately determined that the best interests of the child required termination of parental rights so that the child might be freed for adoption by the long term foster parents (see, Matter of Star Leslie W., 63 NY2d 136, 148). Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.