—Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about February 3, 1998, which, upon respondent’s failure to appear at the fact-finding and dispositional hearings, terminated his parental rights to the subject children upon a finding of permanent neglect, and committed the children’s custody and guardianship to petitioner agency and the Commissioner of Social Services for the purposes of adoption, and order, same court and Judge, entered on or about September 11, 1997, which denied respondent’s motion to vacate his default, unanimously affirmed, without costs.
Respondent’s motion to vacate his default was properly denied upon the ground that his claim that he was tending to his ailing father on the day of the hearings was not credibly substantiated (see, Matter of Male J., 214 AD2d 417). Also unsubstantiated were respondent’s claims that he regularly visited or attempted to visit the children. His claims that he *164 was planning for the children’s future were largely unresponsive to the proof adduced at the hearing. Ample evidence supports the findings that the agency made diligent efforts to strengthen respondent’s parental relationship with the children, that respondent repeatedly failed to attend scheduled visits with the children and to cooperate with the agency’s referrals for alcohol abuse, and that the children’s best interests would be served by freeing them for adoption by their foster mother in whose care they have been since 1985, essentially their entire lives (see, Matter of Star Leslie W., 63 NY2d 136, 143-144, 147-148; Matter of Aisha Latisha J., 182 AD2d 498, lv denied 80 NY2d 759). Concur — Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.