■ In the Matter of Joshua Jezreel M., a Child Alleged to be Permanently Neglected. Dennis M., Appellant; The Children's Aid Society, Respondent. [915 NYS2d 74]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about October 23, 2009, which, upon a fact-finding of permanent neglect, terminated respondent father's parental rights to the subject child and committed the care and custody of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that petitioner exercised diligent efforts to encourage and strengthen the parental relationship between respondent and the child by scheduling visitation and discussing with respondent the service plan and programs he needed to complete to have his child returned to him, and that, these efforts notwithstanding, between October 2007 and April 2008, respondent did not maintain contact with the agency, visit the

child or send him letters, cards, or gifts, or pay child support (*see* Social Services Law § 384-b [7] [a], [f]; [3] [g] [i]; *Matter of Aisha Latisha J.*, 182 AD2d 498 [1992], *lv denied* 80 NY2d 759 [1992]; *Matter of Kimberly Vanessa J.*, 37 AD3d 185, 186 [2007]).

Although the court erred in admitting certain lab reports into evidence without proper foundation, the error was harmless because the record contained other evidence of respondent's continued use of drugs and failure to seek treatment (*see Matter of "Baby Girl" Q.*, 14 AD3d 392 [2005], *lv denied* 5 NY3d 704 [2005]; *Matter of Tiffany V.*, 201 AD2d 324 [1994]).

We reject respondent's argument that, because no evidence was presented at the dispositional hearing, there is no support for the court's determination that it was in the child's best interests to be freed for adoption. Respondent failed to object to the court's determination that no further evidence was required. Indeed, upon being asked whether she wished to present any witnesses or other evidence, counsel responded in the negative (*see Matter of Justina Rose D.*, 28 AD3d 659, 660-661 [2006]). A preponderance of the evidence shows that respondent had no resources with which to care for his child, while the foster parents, with whom the child has resided since he was three months old, have been trained to meet his extensive medical needs, and he has been thriving in their care (*see Matter of Travis Devon B.*, 295 AD2d 205, 205-206 [2002]). Concur—Gonzalez, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.