■ In the Matter of EMILY ROSIO G., a Child Alleged to be Permanently Neglected. MILAGROS G., Appellant; THE CHILDREN'S AID SOCIETY et al., Respondents. [934 NYS2d 306]—

The finding of permanent neglect was supported by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]). The record shows that the agency acted diligently by issuing several referrals for the mother to attend programs mandated by her service plan, and the mother was repeatedly reminded of her need to complete the programs in order to regain custody. Despite these diligent efforts, the mother failed to complete her service plan in that she did not complete the individual counseling requirement, despite evidence of her emotional instability, which caused the developmentally delayed child to exhibit emotional distress. Furthermore, the mother continued to deny responsibility for the conditions necessitating the child's removal and failed to gain insight into how to best accomplish her parental duties and address the child's special needs (*see e.g. Matter of Irene C. [Reina M.]*, 68 AD3d 416 [2009]).

The preponderance of the evidence demonstrates that the child's best interests were served by terminating the mother's parental rights (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The child was thriving in the home environment

provided by her foster mother, who tended to her special needs and wished to adopt her.

A suspended judgment was not warranted under the circumstances presented (*see generally Matter of Michael B.*, 80 NY2d 299, 311 [1992]). Concur—Saxe, J.P., Sweeny, Acosta, DeGrasse and Abdus-Salaam, JJ.