■ In the Matter of Tanisha Shabazz A., a Child Alleged to be Permanently Neglected and/or Abandoned. Latisha G., Appellant; Sco Family Services, Respondent. [935 NYS2d 887]—

The finding of abandonment is supported by clear and convincing evidence, including petitioner agency's case record and testimony, which at best shows only "[s]poradic and minimal attempts to visit and communicate with the child" during the relevant time period (*Matter of Latoya P.*, 305 AD2d 263, 264 [2003] [internal quotation marks omitted], *lv denied* 100 NY2d 508 [2003]; *see* Social Services Law § 384-b [4] [b]; [5] [a]).

Petitioner demonstrated, by clear and convincing evidence,

483

that the child was permanently neglected within the meaning of Social Services Law § 384-b (7) (a). Contrary to respondent's contention, petitioner made diligent efforts to strengthen and encourage the parent-child relationship by, among other things, formulating a service plan, scheduling visits with the child, and referring respondent to parenting training, mental health services, family therapy and individual counseling (§ 384-b [7] [f]). Despite these efforts, respondent failed to stay in contact with the agency and comply with its plan, visit the child on a regular basis, and attend any of the referred services (*see Matter of Byron Christopher Malik J.*, 309 AD2d 669 [2003]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ.