■ In the Matter of DARRYL CLAYTON T., III, an Infant. ADELE L., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [944 NYS2d 519]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about March 7, 2011, which, after a fact-finding determination that respondent mother had permanently neglected the subject child, terminated her parental rights and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The mother failed to preserve her argument, raised for the first time on appeal, that the agency's petition was jurisdictionally defective for failing to specify the diligent efforts the agency had made to encourage and strengthen the parental relationship (*see Matter of Toshea C.J.*, 62 AD3d 587 [2009]). Moreover, Family Court properly determined that the agency was excused from demonstrating diligent efforts as such efforts would be detrimental to the child's best interests (*see* Social Services Law § 384-b [7] [a]; *Matter of Milan N.*, 45 AD3d 358, 359 [2007], *lv denied* 10 NY3d 703 [2008]). Indeed, an expert in child psychology and early childhood trauma testified that the child had been traumatized by witnessing the mother's alleged killing of the child's father, and that after supervised visits and telephone contact, the child had experienced intense flare-ups of his post-traumatic stress disorder, to the point where visits and calls had to be terminated.

In any event, the agency demonstrated, by clear and convincing evidence, that it had exercised diligent efforts by scheduling supervised visits and implementing a service plan that included therapy and classes in domestic violence, parenting skills, and

anger management. Further, the finding of permanent neglect was supported by clear and convincing evidence that, despite the agency's diligent efforts, the mother had failed to obtain housing, complete anger management or therapy, and gain insight into the reasons for her child's placement (*see Matter of Alexander B. [Myra R.]*, 70 AD3d 524, 525 [2010], *lv denied* 14 NY3d 713 [2010]).

A preponderance of the evidence supported the determination that it was in the child's best interest to terminate the mother's parental rights to free the child for adoption by his foster parents, who wished to adopt him and provided loving and appropriate care (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Given that the child had not seen the mother since their final visit in November 2009, he no longer asked for her, and the medical expert opined that reunification would be harmful to the child, a suspended judgment would not have been appropriate (*see e.g. Matter of Jayden C. [Michelle R.]*, 82 AD3d 674, 675 [2011]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.