■ In the Matter of MARAH B., a Child Alleged to be Neglected. LEE D., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [944 NYS2d 109]—

Appeal from an order, Family Court, Bronx County (Monica Drinane, J.), entered on or about March 10, 2011, which, following a fact-finding hearing, determined that respondent father

had permanently neglected the subject child, and decision, same court and Justice, entered on or about July 15, 2011, deemed to be an appeal taken from the final order of disposition, same court and Justice, entered on or about August 19, 2011, which terminated respondent's parental rights to the child and placed her in the custody of petitioner and the Administration for Children's Services for the purpose of adoption by her foster mother, and as so considered, order of disposition unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence. Petitioner engaged in diligent efforts to strengthen respondent's relationship with the child by making referrals for appropriate services, monitoring his progress with the services, scheduling visitation, and providing a visiting coach to assist respondent during visits with the child (*see Matter of Victor B. [Yvonne B.]*, 91 AD3d 458, 458-459 [2012]; *Matter of Emily Rosio G. [Milagros G.]*, 90 AD3d 511 [2011]).

Despite these diligent efforts, respondent failed to consistently comply with the services, including mental health services, failed to benefit from the services, and sporadically attended visitation. The court properly found that respondent's efforts over the more than four-year period were insufficient, and that, as a result, he failed to plan for the child's future (*id.*).

A preponderance of the evidence demonstrates that it is in the best interests of the child to terminate the respondent's parental rights in order to free the child for adoption by her maternal grandmother with whom she has lived nearly her entire life and who wishes to adopt her. A suspended judgment is not warranted because respondent failed to make sufficient progress in overcoming his mental health issues. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.