■ In the Matter of ILYAS ZAIRE A.-R., a Child Alleged to be Permanently Neglected. HABIBA A.-R., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [961 NYS2d 137]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about December 14, 2011, which denied respondent mother's motion to vacate an order of disposition, same court and Judge, entered on or about October 13, 2011, upon her default, which, upon a finding of permanent neglect, terminated her parental rights to the subject child, and transferred custody and guardianship of the child to petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Respondent failed to establish a reasonable excuse for her default and a meritorious defense to the allegations asserted in the petition. Her claim that she was late for the hearing because she and a companion were stopped by police for improperly traveling in the three person High Occupancy Vehicle lane, was unsubstantiated and she did not provide any explanation for her failure to contact the court or her counsel to advise them that she would be late (*see Matter of Evan Matthew A. [Jocelyn Yvette A.]*, 91 AD3d 538, 539 [1st Dept 2012]). The fact that re-

spondent previously defaulted further supports the court's decision not to credit her alleged excuse (*see Matter of Damian Richard A.*, 49 AD3d 458, 459 [1st Dept 2008]).

Moreover, respondent failed to establish a meritorious defense to the allegation of permanent neglect. Despite respondent's claims to the contrary, the agency exercised "diligent efforts" to reunite her with her child, by, among other things, formulating a service plan, holding periodic planning meetings, scheduling regular visits with the child, and referring respondent for needed therapy. The evidence establishes that, despite these efforts, respondent failed to consistently visit with the child, poorly interacted with the child when she did visit, and failed to complete necessary mental health services or plan for the child's future (*see Matter of Shaqualle Khalif W. [Denise W.]*, 96 AD3d 698, 699 [1st Dept 2012]; *Matter of Marah B. [Lee D.]*, 95 AD3d 604, 605 [1st Dept 2012], *lv denied* 19 NY3d 810 [2012]).

Contrary to respondent's contention, a suspended judgment is not warranted under the circumstances. A preponderance of the evidence supports the finding that termination of respondent's parental rights is in the child's best interest (*see Matter of Olushola W.A.*, 41 AD3d 179, 180 [1st Dept 2007]). By the time of the dispositional hearing, he was six years old, and had lived with his kinship foster family, who was meeting all of his special needs, virtually his entire life (*see Matter of Roger Guerrero B.*, 56 AD3d 262, 262-263 [1st Dept 2008], *lv denied* 12 NY3d 704 [2009]). Concur—Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.