■ In the Matter of ADAM MIKE M. and Another, Infants. JEFFREY M., Appellant; LEAKE AND WATTS SERVICES, INC., Respondent. [962 NYS2d 109]—

Orders of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about March 16, 2012, which, upon fact-findings of mental illness and permanent neglect, terminated respondent father's parental rights to the subject children, and committed the guardianship and custody of the children to petitioner and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding that respondent suffers from a mental illness is supported by clear and convincing evidence. The uncontroverted expert testimony demonstrated that respondent suffers from anti-social personality disorder which affects his ability to parent and places the children in danger of being neglected if returned to his care (*see Matter of Victor B. [Yvonne B.]*, 91 AD3d 458 [1st Dept 2012]).

In addition, the finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). Petitioner engaged in diligent efforts to encourage and strengthen respondent's relationship with his children, who have special needs, by twice referring him to a parenting skills program where he received approximately two years of training and by scheduling regular visitation (*see Matter of Nakai H. [Angela B.H.]*, 89 AD3d 434 [1st Dept 2011]). Despite these diligent efforts, respondent continued to deny responsibility for the conditions necessitating the children's removal from the home, failed to complete or benefit from the parenting skills program, and failed to demonstrate that he has adequate parenting skills to address the children's significant special needs (*see Matter of Emily Rosio G. [Milagros G.]*, 90 AD3d 511, 511 [1st Dept 2011]). The court was permitted to draw a negative inference from respondent's failure to testify (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79-80 [1995]; *Matter of Alexis C. [Jacqueline A.]*, 99 AD3d 542, 542-543 [1st Dept 2012]).

Respondent's assertion that the agency failed to exercise diligent efforts because it did not address his anti-social personality disorder is unpersuasive. It ignores the undisputed expert testimony that there is no treatment for this type of mental illness. Although the expert testified that the underlying symptoms of anti-social personality disorder, such as depression and anxiety, can be treated with medication, he also testified that respondent's records do not indicate that he suffers from either condition.

Given that the children have been in foster care since infancy and they are now seven years old, a preponderance of the evidence demonstrates that it is in their best interests to terminate respondent's parental rights and free them for adoption by the foster parents who have provided support and care for the children (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Concur—Gonzalez, P.J., Sweeny, Renwick, Manzanet-Daniels and Román, JJ.