Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about June 21, 2011, which, upon granting petitioner’s application to be excused from making diligent efforts to reunite the family and upon a finding of permanent neglect, terminated the mother’s parental rights to the child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children’s Services for the purpose of adoption, unanimously affirmed, without costs.
The petitioning agency demonstrated, by clear and convincing evidence, that diligent efforts to encourage the parent-child relationship would be detrimental to the child, and not in her best interests, in light of the mother’s role in the death of the child’s infant brother (see Matter of Sharlese Danielle S., 304 AD2d 469 [1st Dept 2003]).
The finding of permanent neglect is supported by the clear and convincing evidence that the mother had no plan for Diana’s future and failed to accept responsibility for causing the death *422 of her son and maltreating the subject child (see Matter of Emily Rosio G. [Milagros G.], 90 AD3d 511 [1st Dept 2011]). Although the mother was incarcerated, her incarceration did not relieve her of the responsibility to plan for her child (see Matter of Tiffany A., 295 AD2d 288 [1st Dept 2002]; Matter of Derrick A., 197 AD2d 487, 488 [1st Dept 1993]).
The evidence further supported the court’s finding that termination of the mother’s parental rights was in the best interests of Diana (see Matter of Aisha C., 58 AD3d 471 [1st Dept 2009], lv denied 12 NY3d 706 [2009]). Concur—Tom, J.E, Friedman, Sweeny and Feinman, JJ.