Clear and convincing evidence established that respondent father failed to visit or communicate with the children for the six-month period immediately preceding the filing of the petition, which gave rise to a presumption of abandonment (see Matter of Jasiaia Lew R. [Aylyn R.], 101 AD3d 568 [1st Dept 2012]). Eetitioner agency provided credible evidence that during the relevant time period, respondent father never visited the children at the agency, and never contacted the agency concerning the children. Rather, the evidence showed that the father failed to respond to the agency’s attempts to contact him. Moreover, during that time, although the father apparently drove the mother to the scheduled visits with the children at the agency, he did not go into the agency or participate in the visits. He *563 explained that he chose not to participate in the visits because he did not get along with the mother’s other two daughters who were present. Although the father now claims that he asked the mother to convey his love to the children and that he paid for the majority of the items that the mother brought to give to the children, including candy, juice, shoes, and toys, his claims are unsubstantiated. Moreover, the court’s rejection of such testimony is entitled to deference (id. at 569).
As to the mother, the evidence supports the Family Court’s finding that the agency demonstrated, by clear and convincing evidence, that it had exercised diligent efforts by scheduling visits and implementing a service plan that included referrals to individual mental health counseling and assistance in finding suitable housing. The finding of permanent neglect was supported by clear and convincing evidence that, despite such diligent efforts, the mother had failed to complete individual counseling or to obtain housing. Rather, the mother offered only multiple, uncorroborated and inconsistent excuses for her noncompliance (see e.g. Matter of Darryl Clayton T. [Adele L.], 95 AD3d 562, 562-563 [1st Dept 2012]; Matter of Marah B. [Lee D.], 95 AD3d 604, 605 [1st Dept 2012], lv denied 19 NY3d 810 [2012]; Matter of Tanisha Shabazz A. [Latisha G.], 91 AD3d 482, 483 [1st Dept 2012]).
The finding that termination of respondents’ parental rights was in the subject children’s best interests was supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 143-144 [1984]; Matter of Anthony P. [Shanae P.], 84 AD3d 510, 511 [1st Dept 2011]; Matter of Roger Guerrero B., 56 AD3d 262, 262-263 [1st Dept 2008], lv denied 12 NY3d 704 [2009]; Matter of Racquel Olivia M., 37 AD3d 279, 280 [1st Dept 2007], lv denied 8 NY3d 812 [2007]). Concur — Gonzalez, P.J., Friedman, Renwick, Freedman and Richter, JJ.