■ In the Matter of EBONEE ANNASTASHA F., a Child Alleged to be Permanently Neglected. CRYSTAL ARLENE F., Appellant; GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent. [985 NYS2d 4]—

Order of fact-finding and disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about October 31, 2012, which found that respondent mother permanently neglected the subject child, terminated respondent's parental rights to the child and committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs. Appeal from order, same court and Judge, purportedly entered "November 2012," unanimously dismissed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that petitioner agency exercised diligent efforts to encourage and strengthen the parental relationship, and that, despite petitioner's efforts, respondent failed to plan for the child's future during the relevant time period (see Social Services Law § 384-b [7] [a]; Matter of Sheila G., 61 NY2d 368 [1984]). Among other things, petitioner referred respondent for

parenting skills and anger management programs, and scheduled visitation (*see e.g. Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573, 574 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]). Although respondent completed programs in parental skills and anger management, and attended individual therapy sessions, she behaved disruptively and violently during scheduled visitation, did not gain insight into the reasons that her child was placed in foster care, and failed to benefit from the programs she attended (*see Matter of Jaileen X.M. [Annette M.]*, 111 AD3d 502 [1st Dept 2013], *lv denied* 22 NY3d 859 [2014]).

A preponderance of the evidence supports the determination that the termination of respondent's parental rights was in the best interests of the child, who, at the time of disposition, had lived in her present foster home for two years, was well cared for and was doing well in school, and indicated that she wanted to be adopted by her foster mother and did not want to visit with respondent (*see Matter of Darryl Clayton T. [Adele L.]*, 95 AD3d 562, 563 [1st Dept 2012]). Concur—Renwick, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.