■ In the Matter of JAHNEL B. and Others, Infants. CARLENE ELIZABETH B., Appellant; CHILDREN'S AID SOCIETY, Respondent. [38 NYS3d 174]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about

December 12, 2014, to the extent it determined, after a hearing, that respondent mother abandoned and permanently neglected the subject children, unanimously affirmed, without costs. Appeal from so much of the aforementioned order as terminated the mother's parental rights after a dispositional hearing, unanimously dismissed, without costs, as nonappealable.

The finding of abandonment was supported by clear and convincing evidence, including petitioner agency's case record and the testimony of its caseworker, which, at best, showed only "[s]poradic and minimal attempts" by the mother to visit and communicate with the children or the agency (*Matter of Latoya P.*, 305 AD2d 263, 264 [2003], *lv denied* 100 NY2d 508 [2003]; *see* Social Services Law § 384-b [4] [b]; [5] [a]), or otherwise inquire about the children's care and well-being during the relevant time period.

In addition, petitioner demonstrated, by clear and convincing evidence, that the children were "permanently neglected" within the meaning of Social Services Law § 384-b (7) (a). We reject appellant's contention that petitioner failed to make diligent efforts to strengthen and encourage the parent-child relationship (*see* § 384-b [7] [f]). To the contrary, petitioner formulated a service plan which included individual and group counseling, substance abuse and domestic violence counseling, submission to mental health evaluations, maintaining a stable household and income, as well as regular visitation with the children (*see Matter of Darryl Clayton T. [Adele L.]*, 95 AD3d 562, 562-563 [1st Dept 2012]; *Matter of Marah B. [Lee D.]*, 95 AD3d 604, 605 [1st Dept 2012], *lv denied* 19 NY3d 810 [2012]).

Notwithstanding the agency's diligent efforts, the mother continuously failed to cooperate with the agency and comply with the service plan, and, thus, failed to plan for the children's future (*see Matter of Aisha Latisha J.*, 182 AD2d 498 [1st Dept 1992], *lv denied* 80 NY2d 759 [1992]). Specifically, the mother failed to regularly attend or benefit from her programs, failed to appear for many of the scheduled visits with the children and failed to engage with the children when she did attend (*see Matter of Toshea C.J.*, 62 AD3d 587 [1st Dept 2009]).

Since the dispositional determination was entered on the mother's default—she did not appear and her attorney did not participate in those proceedings—we dismiss the portion of the appeal addressing that determination (*see Matter of Amber Megan D.*, 54 AD3d 338 [2d Dept 2008]).

We have considered the mother's remaining arguments and

find them unavailing. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.