■ In the Matter of JAYDEN N.H., an Infant. ALEX H., Appellant-Respondent; CATHOLIC GUARDIAN SERVICES, Respondent-Appellant. [67 NYS3d 195]—

Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about September 2, 2016, which, following a hearing, found that respondent father's consent to the adoption of the subject child was not required, pursuant to Domestic Relations Law § 111 (1) (d), and that respondent abandoned the child, sub silentio granting the petition to transfer and commit the custody and guardianship of the child to petitioner and the Commissioner of Social Services of the City of New York, unanimously affirmed, without costs. Order, same court (Monica D. Shulman, J.), entered on or about January 19, 2017, which denied petitioner agency's motion to expedite the child's adoption, and dismissed the adoption petition with leave to refile when the appeal from the September 2, 2016 order has been resolved, unanimously affirmed, without costs.

Respondent failed to show that he "maintained substantial and continuous or repeated contact" with the child by way of payment toward the support of the child and either visiting the child at least monthly or communicating with him regularly, so as to demonstrate that his consent to the adoption of the child was required (Domestic Relations Law § 111 [1] [d]; *see Matter of Maxamillian*, 6 AD3d 349 [1st Dept 2004]). With respect to the support of the child, the record establishes that respondent was gainfully employed while at liberty but did not provide meaningful support for the child. Respondent's claim that he bought clothes and other such things for the child is unsubstantiated in the record. Respondent also claims to have given the mother a $2,700 debit card in 2013, when his incarceration was imminent, but, even if this one-time payment constituted sufficient financial support, there is no evidence that respondent made the payment.

With respect to contact and communication with the child, respondent did not legalize his parental relationship with the child for 10 years, and then only after the instant custody and guardianship petition had been filed. Nor is there any evidence to support his claim that he has had contact with the child throughout the child's life. Respondent claims that while he

was in prison he spoke with the child in three-way conversations facilitated by the mother, but the mother's trial testimony was stricken. Respondent did not have copies of any of the letters or cards he claimed to have written to the child on a regular basis, and the agency's witness testified that the agency did not receive any such letters or cards. Respondent also was unable to proffer any meaningful details of the child's life, including the child's multiple hospitalizations.

The court's alternative finding, that respondent abandoned the child, is supported by clear and convincing evidence (*see* Social Services Law § 384-b [5] [a]; *Matter of Annette B.*, 4 NY3d 509, 514 [2005]). Respondent failed to establish that the hardship resulting from his incarceration during the six months preceding the filing of the petition "so permeated his life that contact [with the child] was not feasible" (*Matter of Anthony M.*, 195 AD2d 315, 316 [1st Dept 1993]). The revocation of his phone privileges in prison did not prevent him from writing to the child or to the agency, but there is no evidence that he wrote to either. Respondent made only "[s]poradic and minimal attempts" to communicate with the child (*see Matter of Jahnel B. [Carlene Elizabeth B.]*, 143 AD3d 416, 417 [1st Dept 2016] [internal quotation marks omitted]).

The court correctly denied the petition to expedite the adoption on the ground that the relevant Family Court rules provide that an adoption petition may not be filed until after an appeal from the order committing custody and guardianship is "finally resolved" (18 NYCRR 421.19 [i] [5] [i]; 22 NYCRR 205.53 [b] [10]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Kahn and Kern, JJ.