In the Matter of ROVENIA G.M, Respondent, v LESLEY P.A., Respondent. LESLIE N. SPITZ, as Law Guardian for the Child, Nonparty Appellant. (Proceeding No. 1.) In the Matter of LESLEY P.A., Respondent, v ROVENIA G.M., Respondent. LESLIE N. SPITZ, as Law Guardian for the Child, Nonparty Appellant. (Proceeding No. 2.) [846 NYS2d 192]—

In two related proceedings pursuant to Family Court Act article 6, the Law Guardian appeals from (1) an order of the

Family Court, Kings County (Hepner, J.), dated August 29, 2006, which, after a hearing, inter alia, in effect, denied the maternal grandmother's petition for guardianship in proceeding No. 1 and dismissed that proceeding, and (2) an order of the same court, also dated August 29, 2006, which, after a hearing, inter alia, granted the father's petition for sole custody of the child in proceeding No. 2. By decision and order on motion dated September 21, 2006, enforcement of the orders dated August 29, 2006, were stayed pending hearing and determination of the appeals.

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, before a different judge, for complete forensic evaluations of the father and the child, for a de novo hearing, in accordance herewith, which hearing shall be held with all convenient speed, and for a new determination of the petitions thereafter; and it is further,

Ordered that pending the new determination of the petitions to be made after a de novo hearing, the custody of the child shall remain with the maternal grandmother, and the visitation rights of the father in accordance with the first order dated August 29, 2006 shall remain in effect.

This appeal involves a custody and guardianship dispute between the child's maternal grandmother and the child's father. The child (born in 1994) lived with her mother and her brother until the mother's death in 2004, at which time both the child and her brother went to live with their maternal grandmother. The maternal grandmother has always been à significant part of the child's life. Although the child has never lived with the father, shortly after the mother's death, he filed a petition seeking custody of his then 10-year-old daughter. The maternal grandmother had filed a petition for guardianship of the child. A hearing was held, where it became clear that there was a deep emotional bond between the child and her maternal grandmother and her brother. After the hearing, in effect, the court denied the maternal grandmother's petition for guardianship and granted the father's petition for sole custody of the child, finding that extraordinary circumstances did not exist.

Although the Family Court's determination of whether extraordinary circumstances exist is accorded great deference (*see Matter of Fishburne v Teelucksingh,* 34 AD3d 804, 805 [2006]), we find that the record is inadequate to make such a finding. Despite an application by the Law Guardian that forensic evaluations be performed, no evaluations were conducted. Further, at the hearing, the father did not present any evidence

on his behalf. While it was the grandmother's burden to establish the existence of extraordinary circumstances (*see Matter of Esposito v Shannon,* 32 AD3d 471, 472 [2006]), the court's failure to direct the performance of forensic evaluations deprived the fact-finder of evidence that would have been highly probative on that issue. There were genuine factual issues concerning the father's fitness and the psychological impact of separating the child from her maternal grandmother and brother. Since the absence of evaluations rendered the record insufficient to reach a conclusion regarding extraordinary circumstances, the matter must be remitted to the Family Court, Kings County, so that evaluations of the child and the father may be made, for a further hearing at which the parties shall have the opportunity to present evidence on this issue should they so desire, and for a new determination of the petitions thereafter.

In the event that the court deems it appropriate to conduct an in camera examination of the child, we take this opportunity to remind the court of its obligation to utilize questioning methods designed to reduce trauma to child witnesses (*see* 22 NYCRR 35.1, 35.2). Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.