■ In the Matter of LINDA S., Appellant, v KRISHNIA S. et al., Respondents. [856 NYS2d 174]—

In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Westchester County (Davidson, J.), dated June 18, 2007, which, without a hearing, dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The Westchester County Department of Social Services filed petitions pursuant to Family Court Act article 10 alleging that the subject children, Tai S. and Steven S., had been abused and neglected by Krishnia S., the biological mother of both children, and Brian S., the biological father of Steven. The allegations of abuse and neglect were based on an incident in which the mother gave birth to the infant Steven, at home, while the father was asleep in the next room, intoxicated. The mother allegedly gave Tai, who was then eight years old, specific instructions to assist her with the birth of Steven. Following Steven's birth, the mother placed him in a plastic bag and into a basket, while Tai observed. The mother then left Steven on the doorstep of a stranger, who found him several hours later. The mother was arrested as a result of this incident and ultimately pleaded guilty to abandonment and attempted abandonment with respect to Steven, and endangering the welfare of a minor child with respect to Tai. The children were removed from the custody of their parents and ultimately both were placed in the custody

of the same nonkinship foster home where they have since remained.

Subsequently, the petitioner, the maternal grandmother, filed the instant petition pursuant to Family Court Act article 6 seeking custody of the subject children. Although the petitioner did not move pursuant to Family Court Act § 1035 (f) to intervene in the abuse and neglect proceedings, the Family Court simultaneously considered both the abuse and neglect and custody petitions. However, the Family Court declined to conduct a fact-finding hearing on the petitioner's custody petition until such time as the neglect proceedings were resolved. Findings of neglect were eventually made against the parents and both parents subsequently executed conditional surrenders of their parental rights freeing the children for adoption by the foster parents. Thereafter, the Family Court dismissed the petitioner's article 6 custody petition concluding that she did not possess a pre-emptive right to custody of the subject children surpassing that of the nonkinship foster parents.

Contrary to the petitioner's contention, the Family Court providently declined to conduct a fact-finding hearing on her petition for custody until such time as the neglect proceedings were resolved (*see Matter of Donna KK. v Barbara I.*, 32 AD3d 166, 168 [2006]; *Matter of Logan AA*, 14 Misc 3d 690 [2006]). Additionally, once the parents executed conditional surrenders of their parental rights freeing the children for adoption by the foster parents, the Family Court properly dismissed the petitioner's custody petition. "A nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency" (*Matter of Ella J. v Iva J.*, 4 AD3d 527, 528 [2004]; *see Matter of Peter L.*, 59 NY2d 513, 520 [1983]; *Matter of Violetta K. v Mary K.*, 306 AD2d 480, 481 [2003]). Thus, while the petitioner, as the children's grandmother, is not without statutory rights, "those rights do not entitle a grandparent to override the right of the natural parent to surrender the child to a public agency and to confer on it the right to consent to the adoption of the child" (*Matter of Peter L.*, 59 NY2d at 520). Accordingly, the Family Court providently dismissed the custody petition.

The petitioner's remaining contention is without merit. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.