■ In the Matter of CHRISTINE PRYOR, Appellant, v ELIJAH LINDSAY, Respondent. (Proceeding No. 1.) In the Matter of CHRISTINE PRYOR, Appellant, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Procceding No. 2.) In the Matter of CHRISTINE PRYOR, Appellant, v NATASHA MATHIS, Respondent. (Procceding No. 3.) [876 NYS2d 79]—

In three related child custody proceedings pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated February 21, 2008, which, after a hearing, denied her petitions for custody of her granddaughter.

Ordered that the order is affirmed, without costs or disbursements.

The standard to be applied in a change of custody determination is the best interests of the child (*see Matter of Destiny O.,* 44 AD3d 951, 952 [2007]). "Social Services Law § 383 (3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody" (*Matter of Takylia B.,* 24 AD3d 759 [2005]; *see Matter of Peter L.,* 59 NY2d 513 [1983]). Thus, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency (*see Matter of Peter L.,* 59 NY2d at 520; *Matter of Linda S. v Krishnia S.,* 50 AD3d 805 [2008]; *Matter of Ella J. v Iva J.,* 4 AD3d 527, 528 [2004]).

Here, the Family Court, in a well-reasoned decision, considered the totality of the circumstances and properly determined that the child's best interests required continuing custody with the Suffolk County Department of Social Services so that the child could be made available for adoption by the foster mother with whom the child had resided for almost two years. The child had bonded with the foster mother, and was healthy, happy, and well-provided for financially (*see Matter of Linda S. v Krishnia S.,* 50 AD3d at 805; *Matter of Destiny O.,* 44 AD3d at 951; *Matter of Takylia B.,* 24 AD3d at 759; *Matter of Ella J. v Iva J.,* 4 AD3d at 527). Accordingly, the Family Court properly

denied the maternal grandmother's custody petitions. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.