■ In the Matter of CHASTITY IMANI MC., an Infant. ABBOTT HOUSE, INC., et al., Respondents; ALIKA MC., Appellant, et al., Respondent. [886 NYS2d 348]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from so much of an order of disposition of the Family Court, Queens County (Richroath, J.), dated January 9, 2008, as, upon his default in appearing at the fact-finding hearing and following a dispositional hearing, and upon a determination that he permanently neglected the child, terminated his parental rights, and transferred custody to the Commissioner of Social Services of the City of New York and Abbott House, Inc.

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, in which the paternal grandmother, Loris C. was granted leave to intervene on the issue of custody, Loris C. appeals from so much of an order of the Family Court, Queens County (Richroath, J.), dated January 9, 2008, as, in effect, dismissed her petition seeking custody of the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The standard to be applied in a change of custody determination is the best interests of the child (*see Matter of Pryor v Lindsay,* 60 AD3d 859 [2009]; *Matter of Destiny O.,* 44 AD3d 951, 952 [2007]). "Social Services Law § 383 (3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody" (*Matter of Pryor v Lindsay,* 60 AD3d 859, 859 [2009]; *see Matter of Peter L.,* 59 NY2d 513 [1983]; *Matter of Takylia B.,* 24 AD3d 759 [2005]). Thus, a nonparent relative does not take precedence over the adoptive parents selected by an authorized agency (*see Matter of Peter L.,* 59 NY2d 513 [1983]; *Matter of Pryor v Lindsay,* 60 AD3d 859 [2009]; *Matter of Linda S. v Krishnia S.,* 50 AD3d 805 [2008]).

Here, the Family Court, in a well-reasoned decision, considered the totality of the circumstances and properly determined that the child's best interests required continuing joint custody with the Queens County Administration for Children's Services and Abbott House, Inc., so that the child could be available for adoption by the foster mother with whom the child had resided for the majority of her life. The child had bonded with the foster mother, and was healthy, happy, and well provided for (*see Matter of Pryor v Lindsay,* 60 AD3d 859 [2009]; *Matter of Takylia B.,* 24 AD3d at 759). Accordingly, the Family Court properly, in effect, dismissed the paternal grandmother's custody petition.

The grandmother's remaining contention is without merit. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.