■ In the Matter of VANISHA J. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; PATRICIA J., Appellant. (Proceeding No. 1.) In the Matter of MEDINA J. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; PATRICIA J., Appellant. (Proceeding No. 2.) [928 NYS2d 763]—

The standard to be applied in a change of custody determination is the best interests of the child (*see Matter of Chastity Imani Mc.*, 66 AD3d 782, 783 [2009]; *Matter of Pryor v Lindsay*, 60 AD3d 859 [2009]; *Matter of Destiny O.*, 44 AD3d 951, 952 [2007]). " 'Social Services Law § 383 (3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody' " (*Matter of Chastity Imani Mc.*, 66 AD3d at 783, quoting *Matter of Pryor v Lindsay*, 60 AD3d 859 [2009]; *see Matter of Takylia B.*, 24 AD3d 759 [2005]; *Matter of Peter L.*, 59 NY2d 513 [1983]). Thus, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency (*see Matter of Peter L.*, 59 NY2d 513 [1983]; *Matter of Chastity Imani Mc.*, 66 AD3d at 783; *Matter of Pryor v Lindsay*, 60 AD3d 859 [2009]).

Here, the Family Court considered the totality of the circumstances and all of the evidence submitted over the lengthy dispositional hearing, and properly determined that continuing the subject children's placement and releasing the children for the purpose of adoption by the foster mother and father, with whom the children had lived for the previous five years and who had already adopted two of the subject children's siblings, was in the children's best interests (*see Matter of Chastity Imani Mc.*, 66 AD3d at 783; *Matter of Pryor v Lindsay*, 60 AD3d at 859; *Matter of Destiny O.*, 44 AD3d at 952). Skelos, J.P., Belen, Hall and Roman, JJ., concur.