In the Matter of ENDER M. Z.-P., Respondent. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; OLGA Z., Respondent. ORIANNE Z., Also Known as ORIANA Z., Nonparty Appellant. ROSA B. et al., Nonparty Respondents. (Proceeding No. 1.) In the Matter of ENDER M. Z.-P., Respondent. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; OLGA Z., Respondent. DARRYL A.H., Also Known as DARYL A.H., Nonparty

Appellant. (Proceeding No. 2.) In the Matter of ORIANNE Z., Also Known as ORIANA Z., an Infant, Nonparty Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; OLGA Z., Respondent. ENDER M. Z.-P. et al., Nonparty Respondents. (Proceeding No. 3.) In the Matter of DARRYL A.H., Also Known as DARYL A.H., an Infant, Nonparty Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; OLGA Z. et al., Respondents. ENDER M. Z.-P., Nonparty Respondent. (Proceeding No. 4.) [973 NYS2d 221]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights and related child custody proceedings pursuant to Family Court Act article 6, the children Orianne Z., also known as Oriana Z., and Darryl A.H., also known as Daryl A.H., appeal from (1) an order of the Family Court, Queens County (McGowan, J.), dated February 2, 2012, and (2) an order of the same court dated February 6, 2012, which, after a hearing, granted the petitions of the maternal uncle, Ender M. Z.-P., for custody of both children. By decision and order on motion of this Court dated March 19, 2012, enforcement of the order dated February 6, 2012, was stayed pending hearing and determination of the appeals.

Ordered that the appeal from the order dated February 2, 2012, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order dated February 6, 2012, is reversed, on the law and the facts, without costs or disbursements, the petition of the maternal uncle, Ender M. Z.-P., for custody of the child Orianne Z., also known as Oriana Z., is denied, and the matter is remitted to the Family Court, Queens County, for a new determination of the petition of the maternal uncle, Ender M. Z.-P., for custody of the child Darryl A. H., also known as Daryl A. H., following a forensic evaluation of Ender M. Z.-P.

The standard to be applied in a change-of-custody determination is the best interests of the children, which must be determined by an evaluation of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Vanisha J. [Patricia J.]*, 87 AD3d 696 [2011]). Since child custody determinations depend, in large measure, on assessments by the hearing court of the credibility and character of the witnesses, those assessments are entitled to deference on appeal, and should not be set aside lightly. Nonetheless, this Court's authority in custody determinations is as broad as that of the

hearing court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d 703 [2013]). Accordingly, while "we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we 'would be seriously remiss if, simply in deference to the finding of a Trial Judge,' we allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (*Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d at 706, quoting *Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]).

The hearing court's determination that it was in the best interests of the child Orianne Z. to move to the home of her maternal uncle rather than remain with her foster parents for the purpose of adoption lacks the requisite sound and substantial basis in the record (*see Matter of Destiny O.*, 44 AD3d 951, 952 [2007]; *Matter of Takylia B.*, 24 AD3d 759 [2005]). Once parental rights have been terminated, there is no presumption favoring the child's biological family (*see Matter of Peter L.*, 59 NY2d 513, 520 [1983]; *Matter of Seasia D. [Kareem W.]*, 75 AD3d 548 [2010], *Matter of Alpacheta C.*, 41 AD3d 285 [2007]; *Matter of Zarlia Loretta J.*, 23 AD3d 317 [2005]). Moreover, while the law expresses a preference for keeping siblings together, the rule is not absolute and may be overcome where the best interests of each child lie in residing apart (*see Matter of Luke v Luke*, 90 AD3d 1179 [2011]; *Barbara ZZ. v Daniel A.*, 64 AD3d 929 [2009]; *Matter of Dunaway v Espinoza*, 23 AD3d 928 [2005]; *Matter of Tavernia v Bouvia*, 12 AD3d 960 [2004]). Here, as the children never shared a household, the Family Court erred in concluding that this consideration outweighed the benefit to Orianne of remaining in her foster home, where she has resided since infancy (*see Matter of Vanisha J. [Patricia J.]*, 87 AD3d at 696; *Matter of Williams v Williams*, 66 AD3d 1149, 1152 [2009]; *Matter of Bush v Stout*, 59 AD3d 871 [2009]; *Matter of Alpacheta C.*, 41 AD3d at 285). The record clearly reflects that Orianne has bonded with her foster family, and is healthy, happy, and well provided for (*see Matter of Chastity Imani Mc.*, 66 AD3d 782 [2009]; *Matter of Pryor v Lindsay*, 60 AD3d 859 [2009]). Accordingly, the Family Court erred in determining that it was in Oriane's best interests to move to the home of her maternal uncle rather than remain with her foster parents for the purpose of adoption, which, the record indicates, is the foster parents' intent (*see* Social Services Law § 383 [3]; *Matter of Destiny O.*, 44 AD3d at 952; *Matter of Takylia B.*, 24 AD3d at 759).

Likewise, we do not find a sound and substantial basis in this record to support the Family Court's determination with regard

to the maternal uncle's petition seeking to change the custody of the child Darryl A.H. However, unlike our determination with regard to the petition seeking custody of Orianne, we conclude that, with respect to the custody of Darryl, the Family Court did not have before it sufficient evidence to render "an informed determination consistent with the child's best interests" (*Matter of Peek v Peek*, 79 AD3d 753, 754 [2010]; *Matter of Savoca v Bellofatto*, 104 AD3d 695, 696 [2013]; *Matter of Rovenia G.M. v Lesley P.A.*, 44 AD3d 942 [2007]). Although the Family Court held a hearing, absent from this record is any evidence that a full forensic evaluation of the maternal uncle was conducted to determine his fitness as a custodial parent and the suitability of his home environment. The court's failure to direct the performance of this forensic evaluation deprived it of evidence that would have been highly probative. Accordingly, the matter must be remitted to the Family Court, Queens County, for a new determination with respect to the maternal uncle's petition for custody of Darryl, after the completion of a full forensic evaluation of the maternal uncle (*see Matter of Lamarche v Jessie*, 74 AD3d 1341 [2010]; *Matter of Jave v Danial*, 70 AD3d 696 [2010]; *Matter of Sahara K.*, 66 AD3d 1024, 1025 [2009]; *Matter of Rovenia G.M. v Lesley P.A.*, 44 AD3d 942 [2007]). We note that, although the maternal uncle's wife is not a party to this proceeding, the maternal uncle is seeking placement of the child in his home where he resides with his wife, and he testified at the hearing regarding the care that both he and his wife would provide for the child. Thus, the wife's agreement to voluntarily appear for a forensic evaluation would greatly benefit the court in evaluating the suitability of the maternal uncle's home environment (*cf. Matter of Mullings v Foster*, 40 AD3d 1102 [2007]).

The appeal from the order dated February 2, 2012, must be dismissed as abandoned, as the children do not seek reversal or modification of any portion of that order in their brief (*see Sackett v Estate of Konigsberg*, 74 AD3d 777 [2010]; *Cerniglia v Church of the Holy Name of Mary*, 72 AD3d 862 [2010]; *Bibas v Bibas*, 58 AD3d 586 [2009]). Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.