■ In the Matter of AMARI S.G.E. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIONA E., Respondent. LEVAL B. et al., Nonparty Appellants. (Proceeding No. 1.) In the Matter of AMARIANNA M.S.E. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIONA E., Respondent. LEVAL B. et al., Nonparty Appellants. (Proceeding No. 2.) (And Other Titles.) [18 NYS3d 353]—

Appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered September 3, 2014. The order, insofar as appealed from, after a hearing upon remittal from this Court (*see Matter of Amari S.G.E. [Kiona E.],* 115 AD3d 667 [2014]), denied the respective petitions of the cousin and maternal great aunt of the subject children for custody of the subject children, and freed the subject children for adoption.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The standard to be applied in a change of custody determination is the best interests of the child (*see Matter of Chastity Imani Mc.,* 66 AD3d 782, 783 [2009]; *Matter of Pryor v Lindsay,* 60 AD3d 859 [2009]; *Matter of Destiny O.,* 44 AD3d 951, 952 [2007]). "Social Services Law § 383 (3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody" (*Matter of Chastity Imani Mc.,* 66 AD3d at 783, quoting *Matter of Pryor v Lindsay,* 60 AD3d 859 [2009] [internal quotation marks omitted]; *see Matter of Peter L.,* 59 NY2d 513 [1983]; *Matter of Takylia B.,* 24 AD3d 759 [2005]). Thus, a nonparent relative takes no precedence for custody over the proposed adoptive parents selected by an authorized agency (*see Matter of Peter L.,* 59 NY2d at 520; *Matter of Chastity Imani Mc.,* 66 AD3d at 783; *Matter of Pryor v Lindsay,* 60 AD3d 859 [2009]).

Here, the Family Court, in a well-reasoned decision, considered the totality of the circumstances, and properly determined that the subject children's best interests required continuing custody with the Westchester County Department of Social Services so that the children could be available for adoption by the foster parents, with whom the children had resided since April 2013. The children have bonded with the foster parents, and were healthy, happy, and financially well-provided for (*see Matter of Chastity Imani Mc.,* 66 AD3d at 783; *Matter of Pryor v Lindsay,* 60 AD3d at 859-860; *see also Matter of Ender M. Z.-P. [Olga Z.],* 109 AD3d 834 [2013]). Accordingly, the Family Court properly denied the respective custody petitions of the cousin and maternal great aunt of the subject children.

The cousin's remaining contention is without merit. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.