■ In the Matter of PATRICIA I.H., Appellant, v ACS-KINGS, Respondents, et al., Respondents, et al., Respondent. [35 NYS3d 220]—

Appeal from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated November 19, 2014. The order, insofar as appealed from, after a hearing, denied the maternal grandmother's petition for custody of the subject child and freed the subject child for adoption by his foster parent.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The subject child was placed in nonkinship foster care days after his birth. More than two years later, the maternal grandmother filed a petition for custody of the child, and a proceeding was commenced to terminate the parental rights of the child's mother and father. The Family Court found that the mother and the father permanently neglected the child and subsequently terminated the mother's parental rights. The court conducted a consolidated hearing on the grandmother's petition for custody and the disposition in the proceeding to terminate the father's parental rights. Following the hearing, the court terminated the father's parental rights, found that it

was in the child's best interests that he be freed for adoption by his foster parent, and denied the grandmother's custody petition. The grandmother appeals.

" 'Social Services Law § 383 (3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody' " (*Matter of Chastity Imani Mc.*, 66 AD3d 782, 783 [2009], quoting *Matter of Pryor v Lindsay*, 60 AD3d 859 [2009]; *see Matter of Peter L.*, 59 NY2d 513 [1983]; *Matter of Takylia B.*, 24 AD3d 759 [2005]). Thus, a nonparent relative takes no precedence for custody over the proposed adoptive parents selected by an authorized agency (*see Matter of Peter L.*, 59 NY2d at 520; *Matter of Chastity Imani Mc.*, 66 AD3d at 783; *Matter of Pryor v Lindsay*, 60 AD3d 859 [2009]). Here, the child resided with the same foster parent for nine years, since he was 10 days old. The child has bonded with the foster parent and is healthy, happy, and well provided for (*see Matter of Chastity Imani Mc.*, 66 AD3d at 783; *Matter of Pryor v Lindsay*, 60 AD3d at 859-860; *see also Matter of Ender M. Z.-P. [Olga Z.]*, 109 AD3d 834 [2013]).

The grandmother's remaining contention is without merit.

Accordingly, the Family Court properly denied the grandmother's custody petition and freed the child for adoption by his foster parent. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.