Matter of Tabitha T. S. M. (Tracee L. M.--Candace E.) (2018 NY Slip Op 01468)





Matter of Tabitha T. S. M. (Tracee L. M.--Candace E.)


2018 NY Slip Op 01468


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10898
 (Docket No. B-8750-13)

[*1]In the Matter of Tabitha T. S. M. (Anonymous), nonparty-appellant. Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, petitioner-appellant; Tracee L. M. (Anonymous), respondent; Candace E. (Anonymous), nonparty-respondent; Carmen H. (Anonymous), intervenor-respondent.


Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Diane Pazar of counsel), for nonparty-appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Richard J. Cea and Kreuza Ganolli of counsel), for petitioner-appellant.
Janet L. Brown, Jamaica, NY, for nonparty-respondent.
Paul B. Guttenberg, Syosset, NY, for intervenor-respondent.



DECISION & ORDER
Separate appeals from an order of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated August 19, 2016. The order, insofar as appealed from, after a dispositional hearing, incorporated by reference an amended order of that court dated July 27, 2016, which placed the subject child in the kinship foster care of the maternal grandmother.
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the amended order dated July 27, 2016, is vacated.
The background facts of this case are set forth in our decision and order on the related appeal (see Matter of El v Administration for Children's Services-Queens, ___ AD3d ___ [decided herewith]). The Family Court held a combined hearing on the maternal grandmother's petition for custody of the subject child, Tabitha T. S. M., and the disposition of the petition filed by Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn (hereinafter the agency), to terminate the mother's parental rights to Tabitha. Following the hearing, the court issued an amended order dated July 27, 2016, directing that Tabitha be placed in the kinship foster care of the maternal grandmother. In an order of fact-finding and disposition dated August 19, 2016, the court, inter alia, terminated the mother's parental rights, transferred custody and guardianship of Tabitha to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, and incorporated by reference the amended order dated July 27, 2016, directing that Tabitha be placed in the kinship foster care of the maternal grandmother. The agency and Tabitha [*2]separately appeal from so much of the order of fact-finding and disposition as incorporated by reference the amended order dated July 27, 2016.
When considering custody, the best interests of the child are paramount (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Ender M.Z.-P. [Olga Z.], 109 AD3d 834, 835; Matter of Vanisha J. [Patricia J.], 87 AD3d 696, 697). In determining the best interests of the child, the Family Court must consider the "totality of the circumstances" (Matter of Sofia S.S. [Goldie M.—Elizabeth C.], 145 AD3d 787, 789). This Court will not disturb a Family Court's determination regarding the best interests of the child unless it lacks a sound and substantial basis in the record (see Matter of Christopher P. v Jason Sidney G., 126 AD3d 980; Matter of Kaiser v Orange County Dept. of Social Servs., 34 AD3d 586, 587).
We recognize that the maternal grandmother was present at the time of Tabitha's birth, already had custody of Tabitha's brother, and clearly desired from the time of Tabitha's birth to become her legal custodian. We also recognize that the agency failed to adequately support the maternal grandmother's efforts to retain custody or have visitation with Tabitha when she relocated to Pennsylvania.
Even so, the determination of the Family Court that it was in Tabitha's best interests to be removed from her foster home, where she had resided for over four years, and to be placed in the kinship foster home of the maternal grandmother lacks the requisite sound and substantial basis in the record (see Matter of Ender M.Z.-P. [Olga Z.], 109 AD3d at 836). In determining the best interests of the child, "[t]here is no presumption that the children's best interests will be better served by a return to a family member" (Matter of Nyasia E.R. [Michael R.], 121 AD3d 792, 794; see Matter of Ender M.Z.-P. [Olga Z.], 109 AD3d at 836). Indeed, " Social Services Law § 383(3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody'" (Matter of Pryor v Lindsay, 60 AD3d 859, 859, quoting Matter of Takylia B., 24 AD3d 759, 759; see Matter of Patricia I.H. v ACS-Kings, 140 AD3d 1165, 1165; Matter of Vanisha J. [Patricia J.], 87 AD3d at 697). "Moreover, while the law expresses a preference for keeping siblings together, the rule is not absolute and may be overcome where the best interests of each child lie in residing apart" (Matter of Ender M.Z.-P. [Olga Z.], 109 AD3d at 836). Here, the court gave inappropriate weight to this preference, as Tabitha and her brother only shared a household with the maternal grandmother for the first five months of Tabitha's life (see id.). Moreover, the record reveals that Tabitha has closely bonded with her foster family and remains healthy, happy, and well-provided for (see id.). Therefore, the court erred in determining that it was in Tabitha's best interests to be moved to the kinship foster home of the maternal grandmother rather than remain with her foster mother for the purpose of adoption, which the record shows is the intent of the foster mother (see id.).
The appellants' remaining contentions are without merit.
HALL, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court