Matter of Kadi W. v ACS-Kings (2018 NY Slip Op 08490)





Matter of Kadi W. v ACS-Kings


2018 NY Slip Op 08490


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-11709
2017-11710
 (Docket No. G-16850-15)

[*1]In the Matter of Kadi W. (Anonymous), appellant,
v
ACS-Kings, et al., respondents.


Lewis S. Calderon, Jamaica, NY, for appellant.
Wingate Kearney & Cullen, LLP, Brooklyn, NY, for respondent Heartshare St. Vincent Services.
Virginia Geiss, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal great aunt appeals from (1) findings of fact of the Family Court, Kings County (Lillian Wan, J.), dated October 11, 2017, and (2) an order of the same court also dated October 11, 2017. The order, after a hearing, and upon the findings of fact dated October 11, 2017, dismissed with prejudice the maternal great aunt's petition for guardianship of the subject child.
ORDERED that the appeal from the findings of fact is dismissed, without costs or disbursements, as no appeal lies therefrom (see DiFiore v DiFiore, 87 AD3d 971); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The Family Court did not err in dismissing with prejudice the great aunt's petition for guardianship of the subject child, as she failed to establish that it was in the child's best interests for guardianship to be awarded to her (see Eschbach v Eschbach, 56 NY2d 167, 171). Contrary to the great aunt's contention, the fact that she is an extended family member does not make it in the child's best interests to be placed with her over the nonkinship foster parents. Social Services Law § 383(3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody. Thus, a nonparent relative such as a great aunt takes no precedence for custody over the adoptive parents selected by an authorized agency (see Matter of Tabitha T.S.M., 159 AD3d 703; Matter of El v Administration for Children's Servs.-Queens, 159 AD3d 700; Matter of Patricia I.H. v ACS-Kings, 140 AD3d 1165; Matter of Amari S.G.E., 132 AD3d 989).
The record shows that the child has a strong and loving bond with the foster parents (see Matter of El v Administration for Children's Servs.-Queens, 159 AD3d at 701). The finding that it was in the child's best interests to be adopted by his foster parents, with whom he has lived and thrived for most of his life, is supported by a preponderance of the evidence (see Matter of Baby [*2]Girl C. [Kevin S.], 1 AD3d 593; Matter of Vedal Dural B., 289 AD2d 574). The foster parents are able to provide the child with a permanent, stable home, and the Family Court recognized that it would be detrimental for the child to remove him from the only home he has ever known (see Matter of Lovell Raeshawn McC., 308 AD2d 589). It is in the child's best interests to continue his stable relationship with the foster parents, rather than be removed to the guardianship of his great aunt (see Matter of Weiss v Weiss, 161 AD3d 992). Furthermore, the child's sister has already been adopted by the same foster parents. There is a judicial preference to keep siblings together where possible (see Eschbach v Eschbach, 56 NY2d at 173; Mohen v Mohen, 53 AD3d 471, 475). There is evidence that the siblings have a strong bond, and it is in the child's best interests to keep them together.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court