Matter of Jose M. F. (Melanie R.) (2021 NY Slip Op 02522)





Matter of Jose M. F. (Melanie R.--Estilla K.)


2021 NY Slip Op 02522


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-03226
 (Docket Nos. B-09164-18, B-09165-18, B-09166-18)

[*1]In the Matter of Jose M. F. (Anonymous) III. Westchester County Department of Social Services, petitioner-respondent; Melanie R. (Anonymous), appellant, Estillia R. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Rosalisa L. F. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Melanie R. (Anonymous), appellant, Estillia R. (Anonymous), respondent. (Proceeding No. 2.)
In the Matter of Yadiel J. F. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Melanie R. (Anonymous), appellant, Estillia R. (Anonymous), respondent. (Proceeding No. 3.)


Nancy C. Nissen, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for petitioner-respondent. 
Steven Ranellone, White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6, the maternal aunt appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated February 21, 2020. The order, insofar as appealed from, after a hearing, dismissed the maternal aunt's petitions for custody of the subject children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Family Court held a combined hearing on the maternal aunt's petitions for custody of the three subject children and the disposition of the petitions filed by the Westchester County Department of Social Services (hereinafter the agency) to terminate the mother's parental rights. Following the combined dispositional and custody hearing, the court terminated the mother's parental rights, transferred custody of the children to the agency for the purpose of adoption, and dismissed the maternal aunt's petitions. The maternal aunt appeals from so much of the order as dismissed her petitions for custody of the children.
Contrary to the maternal aunt's contention, the agency complied with its duty pursuant to Family Court Act § 1017 to investigate her as a possible placement resource for the children pending outcome of the underlying neglect and permanent neglect proceedings (see id.; Matter of Timothy GG. [Meriah GG.], 163 AD3d 1065, 1068). Here, once the maternal aunt was identified as a resource, and because she lived in Pennsylvania, the agency initiated an investigation pursuant to the Interstate Compact on the Placement of Children (hereinafter the ICPC). In any event, even if the agency delayed in starting its investigation of the maternal aunt, she suffered no prejudice because the investigation was completed before the Family Court decided the custody matter (see Family Ct Act § 1017; Matter of Timothy GG. [Meriah GG.], 163 AD3d at 1068; Matter of Lundyn S. [Al-Rahim S.], 144 AD3d 1511).
Contrary to the maternal aunt's contention, the agency did not violate the ICPC by disapproving placement of the children with the maternal aunt in Pennsylvania, despite the fact that Pennsylvania had approved the ICPC placement. The Family Court in the sending state, New York, retained jurisdiction over the custody matter (see Social Services Law § 374-a[1], art V[a]; Matter of Emmanuel B. [Lynette J.], 175 AD3d 49; Matter of William v Glass, 245 AD2d 66).
Contrary to the maternal aunt's contention, the Family Court's determination to dismiss her custody petitions upon a finding that the best interests of the children required their placement into the custody of the agency for the purpose of adoption has a sound and substantial basis in the record. The standard to be applied in a change of custody determination is the best interests of the child (see Matter of El v Administration for Children's Servs.-Queens, 159 AD3d 700; Matter of Chastity Imani Mc., 66 AD3d 782; Matter of Pryor v Lindsay, 60 AD3d 859; Matter of Destiny O., 44 AD3d 951). "'Social Services Law § 383(3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody'" (Matter of Chastity Imani Mc., 66 AD3d at 783, quoting Matter of Pryor v Lindsay, 60 AD3d at 859; see Matter of Peter L., 59 NY2d 513; Matter of Takylia B., 24 AD3d 759). Thus, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency (see Matter of El v Administration for Children's Servs.-Queens, 159 AD3d 700; Matter of Chastity Imani Mc., 66 AD3d at 783; Matter of Pryor v Lindsay, 60 AD3d at 859; Matter of Luz Maria V., 23 AD3d 192).
Here, the totality of the circumstances and the evidence submitted at the hearing supported the Family Court's determination to dismiss the maternal aunt's custody petitions. It was in the children's best interest to remain in the preadoptive homes of their respective foster mothers, where they have resided, respectively, since the ages of five years, two years, and eight months, where their respective serious behavioral and educational special needs are met, and where the children are strongly bonded to their respective foster mothers.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court