Matter of Rosamae M. v Regina Cheyenne G. (2023 NY Slip Op 02878)

Matter of Rosamae M. v Regina Cheyenne G.

2023 NY Slip Op 02878

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-00475
2022-00476
 (Docket Nos. V-1561-19, B-4685-19)

[*1]In the Matter of Rosamae M. (Anonymous), appellant,
v
Regina Cheyenne G. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 1)
In the Matter of Legacy G. (Anonymous).
v
Seaman's Society for Children and Families, petitioner-respondent; Rosamae M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Peter Wilner, Jamaica, NY, for appellant.
John R. Eyerman, New York, NY, for petitioner-respondent in Proceeding No. 2.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b and a related proceeding pursuant to Family Court Act article 6, Rosamae M. appeals from two orders of the Family Court, Richmond County (Karen B. Wolff, J.), both dated December 28, 2021. The first order, after a hearing, transferred custody and guardianship of the subject child jointly to Seaman's Society for Children and Families and the Commissioner of Social Services of the City of New York for the purpose of adoption and dismissed Rosamae M.'s petition for custody of the subject child. The second order, after the hearing, dismissed Rosamae M.'s petition for custody of the subject child.
ORDERED that the orders are affirmed, without costs or disbursements.
The appellant, who is an extended family member of the subject child, previously served as the child's foster parent until the child was removed from the appellant's home for the second and final time in March 2019. In April 2019, the appellant filed a petition for custody of the child. Seaman's Society for Children and Families (hereinafter the agency) filed a petition to terminate the mother's parental rights to the child. After a fact-finding hearing on the petition to terminate the mother's parental rights, the Family Court found that the mother had permanently neglected the child. After a combined fact-finding hearing on the appellant's custody petition and dispositional hearing on the petition to terminate the mother's parental rights, custody and guardianship of the child was transferred jointly to the agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, and the appellant's custody petition [*2]was dismissed.
The standard to be applied in a change of custody determination is the best interests of the child (see Matter of Jose M.F. [Melanie R.], 193 AD3d 1051, 1052; Matter of El v Administration for Children's Servs.-Queens, 159 AD3d 700, 701; Matter of Amari S.G.E. [Kiona E.], 132 AD3d 989, 990). Social Services Law § 383(3) gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody (see Matter of Lopez v Lopez, 195 AD3d 844, 845; Matter of Jose M.F. [Melanie R.], 193 AD3d at 1052; Matter of Kadi W. v ACS-Kings, 167 AD3d 757, 758). Thus, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency (see Matter of Jose M.F. [Melanie R.], 193 AD3d at 1052; Matter of Kadi W. v ACS-Kings, 167 AD3d at 758; Matter of El v Administration for Children's Servs.-Queens, 159 AD3d at 701).
The Family Court did not err in dismissing the appellant's petition for custody of the child, as she failed to establish that it was in the child's best interests for custody to be awarded to her (see Matter of Lisa S. v Deloris K. J., 207 AD3d 549). It was in the child's best interests to remain in the pre-adoptive home of the child's foster mother (see id.). The child lived with the appellant for approximately one year, during which time the child was removed from her care twice. The record shows that the child has a strong and loving bond with the foster mother. The finding that it was in the child's best interests to be adopted by the foster mother, with whom she has lived and thrived for most of her life, is supported by a preponderance of the evidence. The foster mother is able to provide the child with a permanent, stable home, and the court recognized that it would be detrimental for the child to remove her from the only home she had known for years, in which she had lived since she was approximately 13 months old (see Matter of Kadi W. v ACS-Kings, 167 AD3d at 758). It is in the child's best interests to continue her stable relationship with the foster mother, rather than be removed to the custody of the appellant (see Matter of Garcia v Lopez-Garcia, 177 AD3d 972, 973; Matter of Kadi W. v ACS-Kings, 167 AD3d at 758; Matter of Weiss v Weiss, 161 AD3d 992, 993).
The appellant's remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court