Matter of Camila G. C. (Matthew C.) (2024 NY Slip Op 03687)

Matter of Camila G. C. (Matthew C.)

2024 NY Slip Op 03687

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-09059
 (Docket Nos. N-694-20, N-695-20, G-87-22)

[*1]In the Matter of Camila G. C. (Anonymous). Rockland County Child Protective Services, petitioner-respondent; Matthew C. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Camila G. C. (Anonymous). Laura F. (Anonymous), appellant. (Proceeding No. 2.)

Warren S. Hecht, Forest Hills, NY, for respondent-appellant in Proceeding No. 1.
Laura F., Nyack, NY, appellant pro se in Proceeding No. 2.
Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmut of counsel), for petitioner-respondent in Proceeding No. 1.
Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, and a related proceeding pursuant to Family Court Act article 6, the father appeals, and the paternal grandmother separately appeals, from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated September 28, 2022. The order, after a hearing, denied the paternal grandmother's petition for guardianship of the subject child and placed the subject child in the care and custody of the Commissioner of Social Services of Rockland County.
ORDERED that the order is affirmed, without costs or disbursements.
The paternal grandmother (hereinafter the grandmother) filed a petition to be appointed the guardian of the subject child, which the father supported. After a hearing, the Family Court, in an order dated September 28, 2022, denied the grandmother's petition and placed the child in the care and custody of the Commissioner of Social Services of Rockland County. The grandmother and the father separately appeal.
The Family Court did not err in denying the grandmother's petition for guardianship of the child, as she failed to establish that it was in the child's best interests for guardianship to be awarded to her (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Lisa S. v Deloris K.J., 207 AD3d 549, 550). In determining the best interests of the child, there is no presumption that the child's best interests will be better served by a return to a family member (see Matter of Tabitha T.S.M. [Tracee L.M.—Candace E.], 159 AD3d 703, 705). Indeed, Social Services Law § 383(3) [*2]gives preference for adoption to a foster parent who has cared for a child continuously for a period of 12 months or more, while members of the child's extended biological family are given no special preference with regard to custody (see Matter of Tabitha T.S.M. [Tracee L.M.—Candace E.], 159 AD3d at 705; Matter of El v Administration for Children's Servs.-Queens, 159 AD3d 700, 701; Matter of Patricia I.H. v ACS-Kings, 140 AD3d 1165, 1166). Thus, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency (see Matter of Carter v Administration for Children's Servs., 176 AD3d 696, 697; Matter of El v Administration for Children's Servs.-Queens, 159 AD3d at 701; Matter of Seasia D. [Kareem W.], 75 AD3d 548, 552).
At the time the grandmother filed her petition in January 2022, the child had been in a foster home for the first 22 months of her life. The child was thriving in the care of the foster parents in the only home she had ever known (see Matter of Lisa S. v Deloris K.J., 207 AD3d at 550; Matter of Luz Maria V., 23 AD3d 192, 194). She had strongly and lovingly bonded with the foster parents and the other children in the home (see Matter of El v Administration for Children's Servs.-Queens, 159 AD3d at 701-702). Under these circumstances, it would not have been in the child's best interests to award guardianship to the grandmother and to remove the child from the foster home where she had spent her entire life. The fact that the grandmother would be a good caretaker was not a sufficient reason to remove the child from the only home she had ever known and from the family with whom she had bonded (see Matter of Guardianship of D. Children, 177 AD2d 393, 394; Matter of Lundyn S. [Al-Rahim S.], 128 AD3d 1406, 1407-1408).
The grandmother, having no precedence over the foster parents, was required to demonstrate not only that she would make a suitable adoptive parent, but that she would provide a better adoptive home than that planned by the agency (see Matter of Peter L., 59 NY2d 513, 520). The grandmother failed to make a such a showing.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court