physically impossible for any one individual to be 'at the ready' 24 hours a day, 365 days a year. Therefore, the petitioner's physician mother residing in the same premises where her medical practice is located not only facilitates that medical practice, but becomes a necessary and integral part of the medical practice and is interwoven together such that in today's world, a physician residing in the same premises where her medical practice offices are located becomes in effect one unit devoted to the medical practice. The partial residential usage of the subject premises of both doctors is clearly incidental and facilitatory to the business medical use."[2]

The DHCR did not dispute this detailed showing of necessity, but rather accepted it as true, while incredibly concluding that Dr. Claudia I. Henschke "has proffered many arguments as to why she and her mother must reside in the same building as the proposed medical practice *but none of these arguments are sufficient to warrant granting the petition * * ** No reason has been shown why the landlord cannot live in a separate location from her practice and still attend to the kinds of emergencies she describes (sudden numbness or paralysis, shortness of breath, bleeding, serious pain, emotional difficulties)." (Emphasis added.) The DHCR's conclusion should be set aside as being arbitrary and capricious.

According to the majority, the regulation only requires that petitioner demonstrate "some legitimate business necessity" for her and her mother's residential use of the premises. That this test has been amply satisfied by the petitioner is manifest, and constitutes an entirely independent basis for affirming the judgment below. The majority ignores this issue completely.

Accordingly, the judgment of the Supreme Court, New York County (Myriam J. Altman, J.), entered March 21, 1990, which granted the petitioner's CPLR article 78 petition, and remanded the matter to respondent DHCR for issuance of certificates of eviction, should be affirmed.

■ ELAINE RUIZ, Appellant, v PUERTO RICAN ASSOCIATION

---

2. The affidavit of David Yankelevitz, M.D., a Board Certified diagnostic radiologist and specialist in Nuclear Medicine, confirmed Dr. Henschke's assertions in all essential respects. In addition he pointed out that there was no adequate facility in the New York City area to care for the complex problems of cancer patients during evening hours, and that hospital emergency rooms staffed by residents with little experience in the treatment of advanced cancer are a poor substitute for the type of consultation and treatment that would be available if Dr. Henschke and her mother were able to expand their medical facility as planned.

For Community Affairs, Inc. (PRACA), et al., Respondents.— Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about April 10, 1990, which dismissed petitioner's CPLR article 78 proceeding, unanimously affirmed, without costs.

The mother of the subject child surrendered it for adoption, expressly requesting that her own mother, petitioner, not be given custody or guardianship of the child. Petitioner has nevertheless expressed a strong interest in adopting her grandson, has attempted to intervene in the adoption, and presently challenges the adoption, which has already proceeded. Any constitutional claim is resolved by *Matter of Peter L.* (59 NY2d 513), which expressly ruled that members of an extended family of a child surrendered for adoption have no special right to custody of the child which permits them to override a decision by an authorized agency. Further, any constitutional claim would have depended upon factual issues which should have been reviewed administratively *(Matter of Dozier v New York City,* 130 AD2d 128, 134-135). Since petitioner failed to request a hearing under Social Services Law § 372-e (4), she has failed to exhaust her administrative remedies. Accordingly, we affirm the order below dismissing the petition. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.

■ Mary Capuccio, Respondent, v City of New York, Defendant, and New York City Transit Authority, Appellant. —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 23, 1990, which, upon a jury verdict, found in plaintiff's favor in the sum of $997,690.92, unanimously affirmed, without costs or disbursements.

Plaintiff, a 53-year old woman, was injured when she fell into an open subway vault, which had been left exposed as a result of a missing grating. We agree, as argued, that a charge on *res ipsa* was not warranted due to the Transit Authority's lack of exclusive control. In relying on *res ipsa,* it was plaintiff's obligation to establish a degree of domination sufficient to identify, with a degree of probability, defendant as the party responsible for the accident. *(Goree v Dixon,* 62 AD2d 1078, 1079.) Review of this record reveals that this burden was not met with respect to the uncovered sidewalk vault, which was located on a well-travelled center island of East Houston Street, an area where the homeless congregated. There was also evidence that the vault was used as a shelter. Thus, we do not agree with our concurring colleagues' conclusion that