■ ROBERT I. POSTEL et al., Appellants, v JAFFE & SEGAL et al., Respondents. [654 NYS2d 25] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 10, 1996, which denied plaintiffs' motion to vacate the default resulting in the dismissal of this action for legal malpractice, unanimously affirmed, with costs.

Vacatur of plaintiffs' default was properly denied because, having failed to set forth the names of the experts who would have testified and the substance of their testimony, plaintiffs' claim of damages remains speculative (*compare, Drucker v Mige Assocs. II*, 225 AD2d 427, 428-429, *lv denied* 88 NY2d 807, *with Campbell v Rogers & Wells*, 218 AD2d 576, 580). Further, absent a showing of actual damages, there can be no cause of action for legal malpractice (*see, Zarin v Reid & Priest*, 184 AD2d 385, 387), or any other tort. Plaintiffs' pattern of evading discovery orders is evident from the record, and is further justification for the sanction of dismissal (*see, Berman v Szpilzinger*, 180 AD2d 612). Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.

■ In the Matter of ALMA R., Appellant, v RUTH M. et al., Respondents. [654 NYS2d 748] —Order, Family Court, Bronx County (Marjory Fields, J.), entered August 16, 1994, which denied petitioner's application for custody of her grandchild, unanimously affirmed, without costs.

As the grandmother of the subject child, petitioner has no preemptive statutory or constitutional right to custody surpassing that of strangers who might be selected by the Commissioner of Social Services as suitable adoptive parents (*Matter of Peter L.*, 59 NY2d 513, 519-520; *Ruiz v Puerto Rican Assn. for Community Affairs*, 174 AD2d 542; *Matter of Chiquita J.*, 170 AD2d 353, *lv denied* 78 NY2d 852). We find that the child's adoption by her foster mother, with whom she has been living since the age of three months and has developed a strong bond, is in her best interests. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.