■ In the Matter of Luz Maria V., Respondent. Administration for Children's Services, Respondent. Steven Banks, Esq., Nonparty Appellant. [803 NYS2d 544]—

Order, Family Court, New York County (Sara Schechter, J.), entered on or about August 18, 2004, which, after a hearing, insofar as appealed from, granted petitioner maternal grandmother's petition for custody of the infant child, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the petition denied and the subject child released for adoption.

Petitioner is the maternal grandmother of the subject child

born June 18, 2003. Immediately after he was born the Administration for Children's Services (ACS) filed a neglect petition against the parents. On June 25, 2003, Family Court remanded the child to ACS, where he was placed in a foster home with one of his sisters.

On August 22, 2003, ACS filed a petition seeking termination of parental rights to most of the child's older siblings, which petition was granted on February 23, 2004.

On September 9, 2003, petitioner filed an application for custody of all the children. On August 4, 2004, the parents and respondent appeared in Family Court where the parents expressed their wishes that custody be awarded to petitioner. ACS opposed this application on the ground that it was in the best interests of the children to be freed for adoption by their foster families.

At the hearing, petitioner testified that she is 68 years old and resides in Puerto Rico with her 47-year-old mentally retarded son. She supports herself on Social Security with a monthly income of $790. Petitioner further testified that she comes to New York approximately once a month and tries to visit the children during those trips. However, if her trip does not coincide with a scheduled supervised visit, she does not see the children. She moved to New York and petitioned for custody of the older siblings in 1995, but, after one child was placed in foster care, she returned to Puerto Rico and did not see the children between 1996 and the filing of the present petition.

The ACS caseworker testified that she observed a visit on August 14, 2004. At that time, the older children were unresponsive to petitioner. There was no interaction with the child as he was sleeping during the visit.

On August 18, 2004, Family Court found that it was not in the best interests of the older children to be placed in petitioner's custody, denied the petition, and released the older siblings for adoption. However, the court found that petitioner was "capable" and awarded her custody of the subject child. That order was stayed pending this appeal.

Pursuant to Domestic Relations Law § 72 (2) (a), a grandparent may apply for custody of a grandchild. In awarding custody as between a grandparent and a foster parent, a court must consider the totality of the circumstances of the case as they affect the best interests of the child (see Domestic Relations Law § 70 [a]). Factors to be considered include the quality of the home environment, parental guidance, financial status and ability to provide for the child as well as the ability to provide for the emotional and intellectual development of the child (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]).

Here, the foster home where the child has been living since birth offers him stability. The social worker on this case reported that the child is "thriving" in his foster home and is treated by his foster mother "as if he were her own child." Moreover, his special needs are being addressed with various services, demonstrating the foster mother's financial ability and commitment to provide for him.

Petitioner, at the time of the hearing, was 68 years old, and a resident of Puerto Rico, and only occasionally saw the child when her visits to New York coincided with supervised visits. Although petitioner acknowledged the importance of keeping the family together, none of the child's siblings live in Puerto Rico. Petitioner claimed that she does not need training to deal with a special needs child since she raised seven mentally retarded children of her own. However, there is no indication in the record that she has sufficient income or resources to provide for this child. Petitioner's home study, completed in 1996 in connection with the earlier custody proceeding, recommended against granting her custody.

Considering all the various factors, given petitioner's age, financial ability, residence and lack of demonstrated relationship or connection with the child, there is no question that awarding custody to her is not in the child's best interests. Given the fact that the foster home is the only home the child has known since birth, it is in his best interests to continue that stable relationship, rather than remove him to petitioner's custody. Additionally, the child's sister has lived in the foster home with him since he was born. Keeping siblings together is strongly favored (*see Eschbach,* 56 NY2d at 173). As we have previously noted, "[a]s the grandmother of the subject child, petitioner has no preemptive statutory or constitutional right to custody surpassing that of strangers who might be selected by the Commissioner of Social Services as suitable adoptive parents" (*Matter of Alma R. v Ruth M.,* 237 AD2d 127 [1997], *lv dismissed* 90 NY2d 935 [1997]).

Releasing this child for adoption by his foster mother, with whom he has been living since birth, is in his best interests. Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.