■ JAMES GEORGE SMITH, Respondent, v MARTIN COHEN, ESQ., Appellant, et al., Defendants. [806 NYS2d 29]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered on or about June 24, 2005, which, to the extent appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

This legal malpractice action is the result of the two defendants attorneys' alleged failure to prosecute plaintiff's personal injury claim, which arose from his alleged trip and fall accident on a Manhattan sidewalk. Defendant-appellant (Cohen) allegedly referred plaintiff to the codefendants' law firm, with which Cohen was unaffiliated.

The motion court erred in denying Cohen's motion for summary judgment. In response to Cohen's prima facie showing that he was not retained by plaintiff, plaintiff alleged, among other things, that he entered into a written retainer agreement with Cohen. However, plaintiff failed to adduce evidence sufficient to raise a genuine issue of fact as to the claimed retainer. "Mere conclusory assertions, devoid of evidentiary facts, are insufficient [to defeat a well-supported summary judgment motion]" (*Grullon v City of New York*, 297 AD2d 261, 263-264 [2002]). It should be noted that prior to the summary judgment motion, plaintiff had ignored several requests for, as well as the motion court's issuance of an order to, produce the alleged retainer agreement. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.