■ LEDERER DE PARIS FIFTH AVENUE, INC., Appellant, v JORDAN AND HAMBURG, LLP, et al., Respondents. (And Another Action.) [869 NYS2d 36]—

Plaintiff's contention that the motion court failed to consider plaintiff's principal's deposition testimony is belied by the motion court's observation that none of plaintiff's exhibits, which included the deposition excerpts, was dispositive. In any event, the deposition testimony plaintiff relies on was not sufficient to make a prima facie showing of entitlement to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Smith v Cohen*, 24 AD3d 183 [2005]).

The record supports the motion court's conclusion that Lederer failed to establish that its failure to produce certain documents in the underlying action, resulting in the preclusion order, was the result of defendants' negligence rather than the "intransigence" of plaintiff's principal. In any event, Lederer fails to show that it suffered any actual damages as a result of defendants' conduct (*see Postel v Jaffe & Segal*, 237 AD2d 127 [1997]). Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.