Matter of Madisynn W. (Esprit L.) (2020 NY Slip Op 00819)





Matter of Madisynn W. (Esprit L.)


2020 NY Slip Op 00819


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10937 -65/15 -7/14

[*1] In re Madisynn W., and Another, Children Under Eighteen Years of Age, etc., Esprit L., Respondent-Appellant, Sheltering Arms Children & Family Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Dawn M. Shammas, New York, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about February 11, 2019, which revoked a September 26, 2016 suspended judgment and terminated respondent mother's rights to the subject children, unanimously affirmed, without costs.
The finding that the mother violated the terms of the suspended judgment is supported by a preponderance of the evidence (see Matter of Aliyah Careema D. [Sophia Seku D.], 88 AD3d 529, 529 [1st Dept 2011]). Hearing evidence revealed that the mother failed to consistently and timely submit to drug testing, was inconsistent in her contact with the service providers, did not consistently attend scheduled weekly visits with the girls, and took no measures to ensure that individuals who had not been cleared with the agency not be present during visits, all required elements of the suspended judgment (see In re Lourdes O., 52 AD3d 203 [1st Dept 2008]).
A preponderance of the evidence also supports the court's determination to terminate the mother's parental rights and free the children for adoption by their current, long-term foster parents (see Matter of Anissa Jaquanna Aishah H. [Gregory C.], 159 AD3d 516 [1st Dept 2018]). The children have resided for most of their lives in a stable, loving pre-adoptive foster home, where they are well cared for and thriving. Their grandmother "has no preemptive statutory or constitutional right to custody surpassing that [of the foster family] selected by the Commissioner of Social Services as suitable adoptive parents" (Matter of Alma R. v Ruth M., 237 AD2d 127 [1st Dept 1997], lv dismissed 90 NY2d 935 [1997]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK