Matter of Alexander H. v Sheltering Arms Children & Family Servs. (2021 NY Slip Op 04201)





Matter of Alexander H. v Sheltering Arms Children & Family Servs.


2021 NY Slip Op 04201


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Docket No. B-7372/18, V-19756/18 Appeal No. 14161 Case No. 2020-01217 

[*1]In the Matter of Alexander H., a Child Under the Age of Eighteen Years, etc., Ana M., Petitioner-Appellant,
v
Sheltering Arms Children and Family Services, Respondent-Respondent, Renzo H., Respondent.


Bruce A. Young, Brooklyn, for appellant.
Sheltering Arms Children & Family Services, New York (Dawn A. Shammas of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about January 3, 2020, which, to the extent appealed from as limited by the briefs, after a hearing, denied with prejudice the petition by the paternal grandmother for custody of the subject child and granted petitioner visitation with the child subject to the discretion of the child's foster parent, unanimously affirmed, without costs.
Petitioner argues that she should be awarded custody of the subject child because siblings should be kept together. However, the child has never lived with his siblings (or with her). He has lived with the same foster parent for his entire life and has developed a close emotional bond with the foster parent, who has attentively and consistently nurtured and cared for him. Awarding custody to petitioner would mean uprooting the child from the only home he has ever known and would not be in his best interests (Matter of Karin R. [Delinda R.], 146 AD3d 526, 527-528 [1st Dept 2017], lv denied 29 NY3d 903 [2017]; Matter of Sandra N. v Administration for Children's Servs., 103 AD3d 591 [1st Dept 2013], lv denied 21 NY3d 857 [2013]; Matter of Karon J., 293 AD2d 404 [1st Dept 2002]).
As the child's grandmother, petitioner does not have presumptively superior custody rights to those of the foster parent; to determine the best interests of the child, the court properly considered the totality of the circumstances (see Social Services Law § 383[3]; Matter of Peter L., 59 NY2d 513 [1983]; Matter of Luz Maria V., 23 AD3d 192 [1st Dept 2005], lv denied 6 NY3d 710 [2006]; Matter of Alma R. v Ruth M., 237 AD2d 127 [1st Dept 1997], lv dismissed 90 NY2d 935 [1997]). Petitioner had been investigated for using corporal punishment on the child's siblings of whom she had custody, the siblings having already suffered horrific physical abuse at the hands of their parents, and she allowed their father (her son), one of their abusers, to be alone with them despite multiple written and oral court orders and directives prohibiting such unsupervised time. Petitioner had ceased all contact with the child for a period of time, and in her hearing testimony minimized the severe abuse and neglect the child's siblings had suffered at her son's hands. In contrast, the foster parent had proven to be a consistent source of support and love for the child since the child's infancy and had showed himself to be fully engaged in the child's schooling, medical care, and emotional and intellectual development and committed to fostering an ongoing relationship between the child and his extended family.
We have considered petitioner's remaining arguments, most of which are expressed in conclusory terms, without record support, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021