Matter of Il'Yana Elle L. (Christina R.) (2022 NY Slip Op 00125)





Matter of Il'Yana Elle L. (Christina R.)


2022 NY Slip Op 00125


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Docket No. V7214-17, V7215-17, B8764-17, B8765-17 Appeal No. 15027-15028-15028A Case No. 2019-5192, 2019-4152 

[*1]In the Matter Il'Yana Elle L. and Another, Children Under Eighteen Years of Age, etc., Christina R. Also Known as Christina Susan R., Respondent-Appellant, Little Flower Children and Family Services of New York, Petitioner-Respondent.
In the Matter of Colette J., Petitioner-Appellant, Ilounga L., et al., Respondents-Respondents.


Lewis S. Calderon, Jamaica, for Christina R., appellant/respondent.
Daniel R. Katz, New York, for Colette J., appellant.
Carrieri & Carrieri, P.C., Saint James (Ralph R. Carrieri of counsel), for Little Flower Children and Family Services of New York, respondent/respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about March 11, 2019, which, after a hearing, determined that respondent mother had abandoned the subject children and, upon her default and after a hearing, terminated her parental rights and transferred custody of the subject children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, and order, same court and Judge, entered on or about January 31, 2019, which dismissed petitioner Collette J.'s petition for custody of her grandchildren, unanimously affirmed, without costs.
Family Court properly concluded that the mother had abandoned the children based on the credible evidence that she had not called or made herself available to the agency, that the agency had no way to contact her, and that she did not maintain contact with the children during the six-month period prior to the filing of the petition (Social Services Law § 384-b[4]; see Matter of Jahnel B. [Carlene Elizabeth B.], 143 AD3d 416, 417 [1st Dept 2016]).
The court properly considered the totality of the circumstances in deciding whether the best interests of the children would be served by terminating the mother's parental rights and freeing the children for adoption by the foster parents or by granting the paternal grandmother's petition for custody (see Social Services Law §?383[3]; Matter of Alexander H. v Sheltering Arms Children & Family Servs., 196 AD3d 415, 415 [1st Dept 2021]). The grandmother does not have custody rights presumptively superior to those of the foster parent (id.). The totality of the circumstances supports the finding that it was in the children's best interests to be freed for adoption by their foster parents, with whom they have lived almost their entire lives and who have met all their needs, including their special developmental needs (see Matter of Madisynn W. [Esprit L.], 180 AD3d 407, 408 [1st Dept 2020], lv denied 35 NY3d 1000 [2020]). By contrast, while the grandmother has been a steady and loving visitation resource to the children over a period of years, for much of the time she had been unable to provide a suitable home for the children. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022