## Aguaisa v 33 E. 22nd St. Acquisition, LLC

2025 NY Slip Op 30173(U)

January 17, 2025

Supreme Court, New York County

Docket Number: Index No. 150695/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**        PART        **33M**

*Justice*

-------------------------------------------------------------------------X

CARLOS AGUAISA,

           Plaintiff,

       - v -

33 EAST 22ND STREET ACQUISITION, LLC,33 EAST
22ND STREET TENANTS CORP., BULADO GENERAL
CONTRACTORS CORP., EAST 22ND ST. ACQUISITION
HOLDINGS LLC,KINGS GROUP NY CORP.,

           Defendants.

-------------------------------------------------------------------------X

BULADO GENERAL CONTRACTORS CORP.

           Plaintiff,

       -against-

PRO SOLUTION CONSTRUCTION CORP.

           Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150695/2022 |
| MOTION DATE | 03/05/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595289/2022

The following e-filed documents, listed by NYSCEF document number (Motion 002) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, and after a final submission date of September 17, 2024, Defendant Kings Group NY Corp.'s ("Kings Group") motion for summary judgment dismissing all claims and crossclaims asserted against it is granted.

## I.    Background

This is an action for personal injuries sustained by Plaintiff Carlos Aguaisa ("Plaintiff") on July 16, 2020 while working for Third-Party Defendant Pro Solution Construction Corp ("Pro Solution") at a building located at 33 East 22nd Street, New York, New York (the "Premises").

While working at the Premises, Plaintiff took orders from the owner of Pro Solution, Emilio Paz (NYSCEF Doc. 74 at 44).

Harpreet Singh, the owner of Kings Group, submitted an affidavit stating that at the time of Plaintiff's accident, Kings Group had no equipment at the Premises (NYSCEF Doc. 73). Kings Group now moves for summary judgment seeking dismissal of all claims and crossclaims asserted against it. The other defendants do not oppose dismissal of Kings Group. However, Plaintiff argues that Kings Group has not complied with discovery.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Here, the undisputed facts show that Kings Group had completed its work on the Premises months prior to Plaintiff's accident. Kings Group submitted certificates of completion from the New York City Department of Buildings dated January 9, 2020 and March 16, 2020 indicating that Kings Group's work was completed months prior to Plaintiff's accident (NYSCEF Docs. 71-72). Moreover, Plaintiff specifically testified that he was not on a Kings Group scaffold but was on a scaffold that he witnessed Pro Solution erect (NYSCEF Doc. 74 at 46). Plaintiff further testified Pro Solution provided the saw which caused his injury and he only took instruction from

Pro Solution. There is no evidence that Kings Group was involved or contributed to Plaintiff's accident. It is well established that mere speculation and conjecture, rather than admissible evidence, is insufficient to defeat a motion for summary judgment (*Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270 [1st Dept 2009]; *Smith v Cohen*, 24 AD3d 183 [1st Dept 2005]).

Plaintiff's argument that the motion is premature due to outstanding discovery is disingenuous. A review of the docket indicates this Court ordered Kings Group's deposition to be completed on May 1, 2023, then on October 13, 2023, then on December 12, 2023, and finally on February 28, 2024. Having had months to conduct Kings Group's deposition, Plaintiff cannot now claim summary judgment should not be granted because it did not have an opportunity to depose Kings Group. Moreover, as of the last case management order, Plaintiff did not even represent that Kings Group owed responses to any of Plaintiff's demands for discovery and inspection (*see* NYSCEF Doc. 59). Plaintiff should not be rewarded in defeating summary judgment where it failed to pursue dilligently Kings Group's deposition and where it has no evidence contradicting Kings Group's witness affidavit.

In any event, Plaintiff's mere hope that deposition testimony from Kings Group would raise an issue of fact is insufficient to defeat Kings Group's motion, especially when it fails to show how the deposition testimony would contradict any of the conclusive documentary and testimonial evidence submitted on this motion (*see, e.g. Erkan v McDonald's Corp.*, 146 AD3d 466 [1st Dept 2017]). Therefore, Kings Group's motion is granted.

Accordingly, it is hereby,

ORDERED that Defendant Kings Group's motion for summary judgment is granted, and all claims and crossclaims asserted against Kings Group are hereby dismissed; and it is further

[* 3]

ORDERED that within ten days of entry, counsel for Defendant Kings Group shall serve a

copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.


| 1/17/2025 | | | | | | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | | |
| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |